50  199
35a 276

## GEORGE W. DAVIS

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. BASTARDY—*of the nature of the proceeding.* Although The People are nominally the plaintiffs in such a proceeding, yet it is, to all intents and purposes, a *civil* proceeding.

2. VERDICT—*of the form of—in a proceeding for bastardy.* A verdict of " guilty," is responsive to the charge in such a proceeding, and is substantially

good.  A more formal verdict would be, "guilty of being the father of the child."  But the former comprehends the latter.

WRIT OF ERROR to the Circuit Court of Mason county ; the Hon. CHARLES TURNER, Judge, presiding.

This was a prosecution for bastardy under the statute, and the only question presented by the record, is, as to the form of the verdict.

Messrs. LACEY & WALLACE, for the plaintiff in error.

Messrs. ROBERTS & FULLERTON, for the people.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a prosecution in the Circuit Court of Mason county, against George W. Davis, on a charge of bastardy. The complaint was made in due form by the mother of the child, and the jury rendered a verdict of guilty, on which the court assessed the yearly support of the child, as under the statute, and rendered judgment therefor.

The only point made, is, as to the sufficiency of the verdict on which to found the judgment.

It has often been held by this court, that the proceeding in question, though nominally The People are plaintiffs, is, to all other intents and purposes, a civil proceeding.  *Starr* v. *The People, ante* p. 52, and the cases there cited.

The verdict of guilty is responsive to the charge made, and is substantially good.  It would have been more formal by adding, "of being father of the child," but that is comprehended in the finding, as that was the charge.  *Armstrong* v. *The People*, 37 Ill. 459.  But the defendant took no exception to the form of the verdict, and as it is mere form, it cannot now be assigned for error.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*