THE STATE OF IOWA, Appellee, v. WM. STOMMEL, Defendant; H. M. VAN VLIET *et al.*, Sureties, Appellants.

**Criminal Law:** BAIL UPON APPEAL: SURRENDER OF DEFENDANT IN EXONERATION. Sections 4593 to 4595 of the Code, providing for the surrender of the defendant in exoneration of bail, relate only to bail given on appeal from a judgment of imprisonment, and not to bail upon an appeal from a judgment imposing a fine only; and in the latter case the sureties upon the appeal bond can not surrender the defendant in their own exoneration, but must pay according to the terms of their bond.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

FRIDAY, OCTOBER 6, 1893.

THIS appeal is by H. M. Van Vliet and Robert Milner, sureties for the defendant on his appeal to this court, from an order overruling their motion to be released and exonerated as such sureties, because of having surrendered the defendant to the custody of the sheriff, as provided in section 4593 of the Code. *Affirmed.*

*Liston McMillen,* for appellants.

*Byron W. Preston,* for the State.

GIVEN, J.—The judgment from which Stommel appealed was that he pay a fine of six hundred dollars. Section 4587 of the Code provides: "After conviction, upon an appeal to the supreme court the defendant must be admitted to bail as follows: If the appeal be from a judgment imposing a fine, upon the undertaking of bail that he will pay the same, or such part of it as

the supreme court may direct, and in all respects abide
the orders and the judgment of the supreme court upon
the appeal." Said section further provides the condi-
tion of the undertaking on an appeal from a judgment
of imprisonment. The undertaking of bail in this case
is conditioned as follows: "Now, if the said appellant,
Wm. Stommel, shall pay to the state of Iowa all costs
and damages that shall be adjudged against said Wm.
Stommel on said appeal, and shall also pay and satisfy
fully the amount of the said judgment and costs or
order appealed from, in case it shall be affirmed, and
any judgment or order which the supreme court may
render or order to be rendered by the district court,
then this obligation to be void; otherwise to remain in
full force and virtue."

The appeal was clearly taken under the subdivision
of section 4587 quoted above. The contention is
whether the provisions of sections 4593–4595 of the
Code apply to an undertaking of bail on appeal from a
judgment for a fine only. Sections 4593 and 4594
provide the manner in which the bail may surrender
the defendant in their exoneration "to the officer
to whose custody he may be committed at the time of
giving bail," and section 4595 provides that the defend-
ant may surrender himself "to the officer to whom the
commitment was made or directed," when money has
been deposited instead of bail. These provisions
clearly relate to bail given on appeal from a judgment
of imprisonment, and not to bail upon an appeal from
a judgment imposing a fine only. If the judgment be
for the payment of money only, the defendant is not
subject to imprisonment under it; yet if we hold as
claimed by appellant, they may subject him to impris-
onment without any judgment of imprisonment having
been pronounced against him. We think the motion
of appellants to be released and exonerated was prop-
erly overruled. Affirmed.