[No. 3165.  Decided February 23, 1899.]

ANNIE L. MERWIN, *Respondent,* v. C. V. FOWLER *et al.,*
*Appellants.*

GARNISHMENT—PROPERTY SUBJECT..

Where under a decree it is necessary to pay a sum of money
into the hands of the clerk of the court in order to obtain certain
rights, money so paid by a third person, who takes an assign-
ment of all rights under the judgment as security, cannot upon
the subsequent vacation of the judgment be subjected to garnish-
ment proceedings by a creditor of the person for whose use the
money had been advanced, as on ·failure of the security the
assignee would become entitled to a return of the money.

Appeal from Superior Court, Yakima County.—Hon.
JOHN B. DAVIDSON, Judge.  Reversed.

*H. J. Snively,* and *Fred Miller,* for appellants.

*Jones & Guthrie,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—In the summer of 1895 a decree was
entered in the superior court for Yakima county in a case
pending therein, wherein C. V. Fowler was plaintiff and
P. S. and Araminta Burke were defendants.  By the
terms of the decree, Fowler was entitled to a deed to cer-
tain farming lands upon paying to the clerk of the court
the sum of $390.18 for the use and benefit of the Burkes.
Thereafter Fowler made an assignment of all of his rights
under the decree to the appellant Gussie Brown (nee
Harris), who forthwith made the payment to the clerk.
Subsequently the decree was vacated because of a failure
to comply with certain of its provisions.  Thereupon the
respondent in the present proceeding, who was a judg-
ment creditor of the Fowlers, caused a writ of garnish-
ment to be served on the clerk, claiming the funds so

deposited with the clerk as money of the Fowlers legally applicable to the satisfaction of respondent's judgment. After service of the writ of garnishment upon the clerk, the appellant Harris filed a petition in intervention; and upon trial, the evidence being all in, the court discharged the jury and proceeded to give judgment for the plaintiff. From that judgment the intervenor has appealed.

At the trial, Fowler, who was a witness for plaintiff, was permitted, over intervenor's objection, to testify that the assignment of the decree, though absolute in form, was in fact security merely for the money which intervenor paid into court for his (Fowler's) benefit. We think it makes little or no difference whether it be determined that the assignment by Fowler to the intervenor was an absolute transfer or merely a security. The material question is, to whom did the money belong that was paid into court? and the evidence clearly shows that it was the intervenor's. When the decree which was the basis of the transaction failed, intervenor became at once entitled to the money. If it was an absolute transfer, then, clearly, intervenor would be entitled to it. If it was security merely, then the failure of the security before the application of the money could be made would, upon well understood equitable principles, entitle the intervenor to its return. That this would be the rule between the intervenor and Fowler cannot well be doubted, and the plaintiff in garnishment can claim no greater right to the fund than could his own debtor. *Bellingham Bay Boom Co. v. Brisbois,* 14 Wash. 173 (44 Pac. 153).

The judgment should have been for the intervenor. Reversed and remanded for further proceedings in conformity with this opinion.

DUNBAR, FULLERTON and REAVIS, JJ., concur.