[No. 3627. Decided November 24, 1900.]

HENRY McALMOND, *Appellant,* v. ROBERT BEVINGTON *et al., Defendants,* G. W. FEAZELL, *Respondent.*

MONEY DEPOSITED AS BAIL—PRESUMPTION AS TO OWNERSHIP.

Where moneys are deposited with a justice of the peace by another than defendant, as security for the appearance of defendant at the time set for his preliminary examination, the presumption arises that such moneys belong to the one so depositing them and not to the defendant.

SAME—GARNISHMENT.

A deposit of money in court, in the interest of a defendant charged with crime, and for the purpose of security for his subsequent appearance, does not become the property of the defendant so as to be subject to garnishment by his judgment creditor after its release as security, when the money so deposited in reality belonged to the party depositing it and not to the defendant.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*Morris B. Sachs* and *Julius F. Hale,* for appellant.

*John W. Corson,* for respondent.

The opinion of the court was delivered by

WHITE, J.—On the 28th day of January, 1899, Henry McAlmond, the appellant, who was the plaintiff in the garnishee proceedings in the court below, recovered a judgment in the superior court of King county, in cause No. 26,125,—Hugh Barbour, plaintiff, against E. H. McAlmond et al., defendants,—against Robert Bevington, who was one of the defendants in the action, in which judgment was recovered for the sum of $500, with interest, etc. The said judgment remained unsatisfied, and on the 21st day of September, 1899, the said Henry McAlmond filed in said court and in said cause, in which judgment was recovered, an affidavit for garnishment, and thereupon a writ of garnishment was issued out of said court in said cause, and on said day was duly served upon J. Dal Roberts, the garnishee mentioned in the affidavit; and on the 22d day of September, 1899, an affidavit for garnishment was filed in said cause, and on said day a writ of garnishment was duly issued therein, and was duly served upon said T. H. Cann, the garnishee named in said writ. Answers were duly served by the garnishees, J. Dal Roberts and T. H. Cann, in which said answers the said garnishees deny that at the time of the service of the writ of garnishment they were indebted to the defendant Robert Bevington in any sum whatever, and allege that, at that time, no effects of any kind, nature or description whatsoever were in their possession or under their control belonging to the said defendant, Robert Bevington; and further alleging that since said time they have not become indebted to the said Robert Bevington, nor since said time have they had in their possession or under their control any effects whatever belonging to the said Robert Bevington. Afterwards the judgment creditor, Henry McAl-

mond, the appellant, filed and served replies to said answers, alleging that, at and before the service of the writ of garnishment herein upon said garnishee, to-wit, the 22d day of September, 1899, and prior thereto, and ever since said day, said garnishee T. H. Cann was indebted to said Robert Bevington, and is now indebted to said Robert Bevington, in the sum of $1,000, being the amount of money deposited with the said garnishee on about the 22d day of September, 1899, as cash bail for said Robert Bevington, in the case of the State of Washington against Robert Bevington et al., defendants, then pending in the justice court, Seattle precinct, King county, Washington, before T. H. Cann, justice of the peace; that since the service of the writ of garnishment upon said garnishee, the said justice court, by an order duly made in said court in said cause in which the state of Washington was plaintiff and Robert Bevington et al. were defendants, being the same cause in which the said sum of $1,000 was deposited by said Robert Bevington with said garnishee as cash bail, did dismiss said cause and discharge said defendants therein. These replies were duly served and filed on or about the 27th day of September, 1899, on which day the above named garnishee defendant, T. H. Cann, deposited with the clerk of the superior court of King county, Washington, and paid into the registry of said court, the sum of $1,000, in response to the garnishment hereinbefore referred to; afterwards, on the third day of October, 1899, one G. W. Feazell filed in said cause in said court an affidavit styling himself plaintiff and claimant, in which affidavit the said Feazell states that the $1,000 levied upon in the above entitled cause as the property of the defendant Robert Bevington has been at all times herein mentioned, and now is, the property of the claimant, G. W. Feazell, and that the same is

of the value of $1,000, and that said claimant Feazell is entitled, and has the right to the immediate possession thereof. The affidavit and claim of said Feazell was duly controverted by the appellant. A jury was in open court waived by all parties to the cause, and the same was, on the 13th day of November, 1899, tried before the court. Thereupon the court made and filed in the cause findings of fact and conclusions of law as follows:

"1. I find that on the 28th day of January, 1899, Henry McAlmond, plaintiff herein, recovered a judgment in the superior court against Robert Bevington for the sum of five hundred dollars, with interest thereon at the rate of seven per cent. per annum from April 27, 1898, and costs of suit, taxed at twelve dollars.

2. I find that on September 15, 1899, said Robert Bevington and one A. B. Mason were charged on a written complaint sworn to by John J. Jones with the crime of obtaining money under false pretenses on or about August 7, 1899, in King county, state of Washington. I find that a warrant was issued by the justice before whom the complaint was made, and that they were arrested and brought into court September 15, 1899. I find that the complaint could not be heard on that day, and it was continued until September 20th. The bail was fixed by the court at one thousand dollars each. On the 15th day of September Bevington was not able to give bail for his appearance from time to time until the examination could be concluded by the justice.

3. I find that G. W. Feazell, intervenor herein, was a friend of Mr. Bevington, and that he, without the request and knowledge of Bevington, put into the hands of the justice a thousand dollars of his own money, in cash, as security for the appearance of Bevington, whenever his appearance should be required by the justice during the progress of the preliminary examination.

4. I find that T. H. Cann, the justice of the peace, received it and receipted for it as said G. W. Feazell's money.

5. I find that the preliminary hearing was not completed on the 20th, and was continued until the 21st at two o'clock p. m., and thence continued to September 22d at ten o'clock a. m.; that late on the afternoon of the 22d day the charge against both defendants was dismissed by the justice of the peace.

6. I find that about eight o'clock in the morning of the 22d garnishee process was served upon T. H. Cann, claiming the money deposited in the court by Mr. Feazell to be the money of Robert Bevington, and the object of such garnishment proceedings was to secure the application of said money, or as much thereof as might be necessary, for the satisfaction of the judgment obtained by McAlmond against Bevington, above alluded to.

7. I find that T. H. Cann, justice of the peace, deposited said money in the registry of this court to bide its order herein.

8. I find that G. W. Feazell intervened in the garnishment proceedings herein, and claimed the money as his own.

I find as a conclusion of law from the above facts that the money was the property and is the property of G. W. Feazell, intervenor herein, and that he is entitled to the possession of the same."

Prior to the making and filing of the aforesaid findings of fact and conclusions of law the appellant asked the court to make the following conclusions of law:

"That the claimant and intervenor, Feazell, having deposited the funds in question with the garnishee defendant, T. H. Cann, for the use and benefit of defendant, Robert Bevington, such funds then became, and ever since have been, the property of said Robert Bevington, and are subject to garnishment by the judgment creditor, Henry McAlmond, and that, consequently, said money, which was in the hands and under the control of garnishee defendant, T. H. Cann, and afterwards deposited by him in the registry of this court, or so much thereof as may be necessary to satisfy the judgment of said defendant, Henry McAlmond, should be appropriated to the payment of said judgment."

Thereupon the appellant excepted to the third finding of fact and the conclusions of law made and entered by the court, and the refusal by the court to make the conclusions of law submitted by the appellant. On the 24th day of November, 1899, the court made and entered a decree authorizing the claimant and intervenor, G. W. Feazell, to withdraw from the registry of the court the $1,000 therein deposited by the garnishee defendant, T. H. Cann, and giving and granting a judgment in favor of said claimant and intervenor and said garnishee defendants, and each of them, and against the said Henry McAlmond, for costs and disbursements; and thereupon the said appellant applied to the court for an order fixing the amount of the appeal and supersedeas bonds in said cause in order that he might appeal the said case to the supreme court of the state of Washington and supersede said judgment and decree; and the court thereupon fixed the bond aforesaid at $500. Thereupon the appellant duly gave notice of appeal, as required by law, and filed an appeal and supersedeas bond in the sum of $500, as fixed by the order of the court; and thereafter the court made and entered an order which recited that, judgment in the cause having been rendered in favor of the claimant, G. W. Feazell, and the court having made an order fixing the supersedeas bond at $500, on application of Williams & Jacobs, attorneys for claimant, and which ordered that said claimant be permitted to withdraw from the registry of the court the $1,000 deposited by said T. H. Cann upon giving a bond, to be approved by the court, to Henry McAlmond in the sum of. $1,000, conditioned to pay all costs and damages he may sustain by reason of such withdrawal, to which said Henry McAlmond excepted. On the 28th day of November, 1899, the court made the following order:

"Upon approving and filing bond herein it is ordered that $500 of the money deposited herein be delivered to G. W. Feazell, or his attorney, Solon T. Williams."

Thereafter there was filed in court a bond in the sum of $250, which was approved by the judge, and thereupon the said claimant withdrew from the registry of said court, and of the $1,000 deposited by said T. H. Cann, garnishee herein, the sum of $500, and this case comes to this court upon the appeal of said Henry McAlmond from the judgment and decree and the orders of the superior court of King county.

The *findings* of fact, except the third, are not questioned. The *statement* of facts recites that, "subsequent to Bevington's commitment to jail, but prior to his said preliminary examination, G. W. Feazell, the above named intervenor or claimant, deposited with said justice of the peace, Cann, the sum of $1,000 in cash, in lieu of bail, as security for the appearance of said Bevington before said justice of the peace for his preliminary examination." This is the only matter in the statement justifying the third finding of fact. From the fact that the money was deposited by Feazell, the court found that it was Feazell's money, and that he was a friend of Bevington. The difference between the third finding of fact and the statement is immaterial. The fourth finding of fact is to the effect that the justice of the peace received the money from Feazell and receipted to him for it. Until the contrary is shown, the presumption, under such circumstances, is that it was Feazell's money that was deposited.

The second assignment of error is based upon the conclusion of law made by the court, and the third assignment upon the refusal of the court to find the conclusions of law requested by the appellant. We will consider them together. The appellant takes the position that,

21—23 WASH.

because the money was deposited as security for Bevington's appearance, it became, for all purposes, Bevington's money, and became subject to garnishment for his debts. From the undisputed findings this money was deposited by the respondent for a special purpose. There is no evidence showing or tending to show that, prior to its deposit, Bevington had any interest whatever in it. The justice receipted to the respondent for it, not as the money of Bevington, but as the money of the respondent. Had the respondent entered into a recognizance for Bevington's appearance, no one doubts but that on the discharge of Bevington the recognizance would be *functus officio,* and the respondent's liability at an end. The money took the place of a recognizance entered into by the respondent for Bevington's appearance, and was accepted by the justice of the peace in lieu thereof; and when it had answered the purpose for which it was placed in the hands of the justice, and he had no longer a right thereto for the purpose for which it was deposited, why should it not be returned to the respondent? Certainly Bevington could not maintain an action against the justice for the recovery or conversion of the money, unless he was able to show that when it was deposited it was his money, and the respondent was only his agent. Why, then, should the judgment creditor of Bevington acquire any greater right to the money than that possessed by Bevington? As was said by this court in *Merwin v. Fowler,* 20 Wash. 587 (56 Pac. 374):

"The material question is, to whom did the money belong that was paid into court?  *  *  *  When the decree which was the basis of the transaction failed, intervenor became at once entitled to the money.  *  *  *  If it was security merely, then the failure of the security before the application of the money could be made would, upon well understood equitable principles, entitle the inter-

venor to its return. That this would be the rule between the intervenor and Fowler [for whose benefit the deposit was made] cannot well be doubted, and the plaintiff in garnishment can claim no greater right to the fund than could his own debtor.

And in *Bellingham Bay Boom Co. v. Brisbois,* 14 Wash. 173 (44 Pac. 153), this court says:

"The garnisher can get no better right to the debt garnished than his debtor has, and if the latter has no right in or to the debt, the former acquires none by his garnishment."

The principle announced in these cases should be applied to the case under consideration, and is decisive against the contention of the appellant.

The case of *People ex rel. Gilbert v. Laidlaw,* 102 N. Y. 588 (7 N. E. 910), relied upon by appellant, can be distinguished from the case at bar. In that case one Nye was arrested in the city of New York on the charge of assault and was held to bail in the sum of $300 for his appearance for trial at the court of special sessions. Gilbert, for Nye, deposited with the justice $300 in lieu of bail. Nye was convicted and sentenced to pay a fine of $250. The fine was ordered to be paid from the money on deposit. The money deposited was Gilbert's. There was also a statute providing that, "when money has been deposited, if it remain on deposit and unforfeited at the time of judgment for the payment of a fine, the county treasurer must, under direction of the court, apply the money in satisfaction thereof; and after satisfying the fine, must refund the surplus, if any, to the defendant." The court held that the section quoted must be read in connection with the section authorizing a money deposit in lieu of bail; that Gilbert, when he deposited the money, must be assumed to have known the provisions of these statutes,

and the deposit must have been made in compliance with them; that, if he was deprived of his money in the payment of the fine, it was by his voluntary act and implied assent. It was not held in that case that the money was impounded for all purposes, and that creditors could seize it as the money of Nye. The case of *Salter v. Weiner,* 6 Abb. Pr. 191, does hold, however, that the money deposited by another for bail of the defendant was loaned to the defendant, and that loaned money is the property of the loanee, and was, therefore, subject to attachment. But in that case the money was ordered by the court to be turned over to the defendant before the attachment was levied. The opinion takes up four lines of the report, and no reasons further than we have quoted are given for so holding. We think the rule established in *Merwin v. Fowler, supra,* is more logical, equitable, and just than that announced by the New York court. There is no statute in this state authorizing a justice of the peace on a preliminary examination to accept a deposit of cash in lieu of bail. It is not necessary in this case to decide whether he may or may not do so. The statute (§ 6877, Bal. Code) allowing defendant to deposit with the clerk of the court money in lieu of bail applies only to criminal proceedings in the superior court. In this case the justice, without statutory authority, received the money of the respondent as surety for the appearance of Bevington, in place of a recognizance entered into by respondent for Bevington's appearance. When the purpose for which the money had been deposited was served, so far as ownership is concerned, it is as if the money had never passed from the possession of the owner. His right to recover it immediately attaches. The title to the money was never for a moment in Bevington, for any purpose.

The assignment to the effect that the court, in allowing respondent to withdraw a portion of the fund, erred,

requires no consideration.   As we have held that the
money on deposit was the money of the respondent, the
ruling of the court, even if erroneous, would not be injuri-
ous to the appellant.

· The judgment of the lower court is affirmed, with costs
to respondent.

DUNBAR, C. J., and REAVIS, ANDERS and FULLERTON,
JJ., concur.