(97 App. Div. 76.)

McNAMARA v. WALLACE.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. POLICE JUSTICES—JURISDICTION—CASH BAIL.

Code Cr. Proc. § 586, provides that a defendant, at any time after an order admitting him to bail, instead of giving bail may deposit the sum mentioned in the order with the county treasurer, but there is no law permitting a police justice to accept a cash deposit in lieu of bail. *Held,* under Code Cr. Proc. § 74, providing that police justices have only such jurisdiction as is specially conferred on them by statute, such justice had no jurisdiction to accept a cash deposit as security for the attendance of a witness.

2. SAME—RECOVERY.

Where a police justice accepted cash bail from a witness to secure her attendance without jurisdiction, his act was void, and hence he was liable therefor on grounds of public policy.

Appeal from Nassau County Court.

Action by John McNamara against Archer B. Wallace. From a County Court judgment affirming a justice's judgment in favor of de·· fendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

Lincoln B. Haskin, for appellant.
George Wallace, for respondent.

WOODWARD, J.  The plaintiff brings this action to recover $25 of the defendant, the police justice of the village of Freeport, it being alleged that "on or about October 18, 1902, H. J. Raymore deposited with the said defendant the sum of $25 to secure the attendance of Mrs. Ellen McNamara at a trial before said defendant; that when the day came for said Mrs. Ellen McNamara to be tried, the said defendant, Archer B. Wallace, did not appear to hold court; that the said Mrs. Ellen McNamara, her witnesses and counsel, and the jury were in court; that after waiting more than one hour beyond the time appointed by said defendant to try her, and after the jury left, she departed, and went to her home, said justice, the defendant in this action, having lost juris-diction by his failure to appear at the time appointed."  The complaint then alleges an assignment of the interest of H. J. Raymore in the de-posit of $25; alleges that a demand has been made upon the defendant for the said $25, and that the defendant refused and neglected, and still refuses and neglects, to pay to this plaintiff said $25, and that "de-fendant admitted to this plaintiff that he has parted with the said $25." The complaint demands judgment for the $25, with interest.  The de-fendant put in a general denial in the first instance, but subsequently de-murred to the complaint on the ground that it did not state facts suf-ficient to constitute a cause of action, and judgment was rendered against the plaintiff for costs.  This judgment has been affirmed by the County Court, and appeal comes here.

Without holding that the police justice lost jurisdiction of the cause by reason of his failure to appear at the time appointed for the trial, we are of opinion that this judgment should be reversed on grounds of public policy.  "Police justices have such jurisdiction, and such only, as is specially conferred upon them by statute."  Section 74, Code Cr. Proc.  We find no provision of law permitting a police justice to ac-cept a cash deposit in lieu of bail.  Section 586 of the Code of Crim-inal Procedure provides that "the defendant, at any time after an order admitting him to bail, instead of giving bail, * * * may deposit with the county treasurer of the county in which he is held to answer or appear, the sum mentioned in the order or commitment; and upon delivering to the officer, in whose custody he is, a certificate of the de-posit, he must be discharged from custody."  There is no authority for the police justice to act as the agent of the county treasurer in receiv-ing this deposit.  The magistrate is authorized to accept bail, but when there is a substitute of a cash deposit it must be made to the county treasurer, and it is upon his certificate that the prisoner is given his liberty.  The police justice in the case now before us took this

cash deposit by color of his office, and without authority of law; and under the rule laid down in Eagan v. Stevens, 39 Hun, 311, the money belonged to the person making the deposit, and upon demand it should have been returned to him or his assignee, regardless of the result of the proceeding or the presence of the prisoner. It is true that in the case of People ex rel. Gilbert v. Laidlaw, 102 N. Y. 588, 592, 7 N. E. 910, it was held that in law the cash deposit belonged to the defendant, and might be applied in payment of the fine imposed, even though the money was in fact furnished by a third party, but this rule can have no bearing where the deposit was made without authority of law, and was accepted by the police justice by color of his office. Eagan v. Stevens, 39 Hun, 313. The police justice, assuming to have authority, took the money of H. J. Raymore in lieu of bail. This action on his part was wholly void. He came into the possession of the money because he was police justice, not because he had any legal right thereto; and, the public policy of the state having decreed that police justices should have only the authority specifically given them by statute, any one who has been illegally deprived of his money by reason of the misconduct of the police justice may recover the same. Eagan v. Stevens, supra.

The judgment appealed from should be reversed, with costs. All concur; BARTLETT and HOOKER, JJ., in result.