JAMES L. COOPER v. LOUIS N. RIVERS.

[48 South. 1024.]

1. SHERIFFS AND CONSTABLES. *Deposit of money in lieu of bail. Unlawful. Officer becomes special bail. Code* 1906, § 1464.

It is unlawful for a sheriff, having arrested a person charged with crime, to allow him to go at large upon the deposit of money in lieu of an appearance bond; and if such deposit be accepted the officer becomes special bail for the accused, under Code 1906, § 1464, providing for taking of bail and that an officer neglecting his duty in that regard shall stand as special bail.

2. BAIL. *Invalid deposit of funds. No recovery. Parties in pari delicto.*

One who deposits money in lieu of an appearance bond and thereby secures the release of a prisoner is in *pari delicto* with the officer accepting it, and cannot recover the funds where the accused fails to appear and the officer, recognizing that he became special bail, paid the money into court to abide the demands of the state.

From the circuit court of Marshall county.

Hon. L. G. Fant, Special Judge.

Cooper, appellant, was plaintiff in the court below; Rivers, appellee, was original defendant there. The defendant interpleaded the state, and the district attorney in behalf of the state defended the suit. From a judgment denying the plaintiff all relief he appealed to the supreme court.

The plaintiff's son was indicted for perjury, was arrested by the sheriff of the county and was unable or unwilling to give bail. The plaintiff in order to secure the release of his son deposited $250 in money with the sheriff and that officer released the son from custody, the understanding between the parties being that the son was to appear at the next term of court to answer the indictment. The son did appear at the next term of the court and demurred to the indictment and his demurrer was sustained and the indictment dismissed, but the son was required to stand in custody to await any new indictment that might be preferred against him for the same offense by the grand jury then in session. The sheriff failed to take the accused into custody to await the second indictment and he left for parts unknown. The grand jury found a new indictment for the same offense against the plaintiff's son but the sheriff was unable to again arrest him. This suit was begun by the plaintiff against the sheriff for the recovery of the $250 in money on the claim that the deposit was made only to secure the appearance of the plaintiff's son to answer the first indictment. The sheriff interpleaded the state, setting up in an affidavit the facts above shown and by leave of court paid the money into court to abide the demands of the state in the premises. The court below denied the plaintiff all relief and from the judgment to that effect and dismissing the suit the plaintiff appealed to the supreme court.

*Smith & Totten,* for appellant.

There is no law in this state that authorizes a sheriff to take money as deposit in lieu of a bail bond. Where no such au-

thority is given by statute to deposit money in lieu of bail bond, the deposit so taken is illegal. 3 Am. & Eng. Ency. of Law (2d ed.), 682, sub. div. VI; *United States v. Faw,* 1 Cranch (C. C.) 486; *Butler v. Foster,* 14 Ala. 323.

Nor is this aided by Code 1906, § 1466, since the sheriff was not authorized to take a deposit for bail. *Smith v. State,* 86 Miss. 315, 38 South. 319.

This would be the law though Cooper's son himself had made the deposit; but he did not make it; it was made by J. L. Cooper, the father. The receipt given to J. L. Cooper, which is the foundation of this suit, recites the reception of $250 by the sheriff "as a forfeit for T. L. Cooper's appearance at February term, 1907, of the circuit court of Marshall county, Mississippi." T. L. Cooper did appear at that term of the court to answer the charge preferred against him. Thus it is that J. L. Cooper complied completely with his understanding with the sheriff as set forth in the receipt. He did not agree that his money should stand bail for a longer term than for the appearance of T. L. Cooper at the February term, 1907, and only for that one charge. We insist that J. L. Cooper is entitled to his money back from the appellee Rivers.

But it is attempted to hold the deposit money in this case for the state under an interpleader, the appellee Rivers being allowed to pay the $250 into court to the clerk. We call special attention to the fact that when this suit was brought Rivers was not sheriff, his term of office having expired, and he had not settled with appellant nor had he turned over to his successor in office, or to any one entitled to receive it, this deposit.

The court below did not attempt to hold Rivers as special bail for the appearance of T. L. Cooper, but proceeded after a manner known to itself to declare the money forfeited without any notice whatever to J. L. Cooper, attempting to treat the money as though the same was a recognizance legally taken. We have searched in vain for an authority authorizing the court to do this. Appellee Rivers shows no reason why he

should not repay this money to the owner. The attempted interpleader and the payment into court of the money will not avail him. If he were under the law special bail for T. L. Cooper he has lost nothing thereby, not having been required by law to pay anything by reason of his bail, and the time has now passed where he can be held as special bail. The state has no right to the money deposited with Rivers. The right of the state in the premises, if it had any, was to proceed against Rivers as sheriff according to Code 1906, § 1464. This was never done.

*George Butler,* assistant attorney-general, for appellee.

There are several reasons why the plaintiff is not entitled to recover in this case.

In the first place his defense should have been at the hearing of the rule *nisi,* because he would have been able in that proceeding to make showing of his right to recover the money that could be possibly made in a separate and independent suit.

The sureties on a bail bond might with as much reason file a bill in chancery to relieve them of liability on the bond by showing the performance of its conditions.

Under Code 1906, § 1464, when the sheriff discharged the prisoner without taking a bail bond or recognizance as required by law he became bound as special bail for the appearance of the prisoner to the next term of the court.

So far as I have been able to find there has only been one adjudication in our court on this statute, or any similar thereto; and that is the case of *Rowan v. Gridley,* 1 How. (Miss.) 210, holding that the sheriff can only be charged as special bail upon his failure to take a bail bond on an order of court after notice to the sheriff, but that cannot affect the situation here, because the sheriff comes into court and admits that he is special bail for the prisoner, and no adjudication as to his status by the court was necessary.

The sheriff stood as special bail for the prisoner and the prisoner was in default, then the sheriff was liable to the pay-

ment of the amount of the bond, and without litigating that
right he came into court and admits that he is special bail;
admits his liability for the amount of the bond, and pays the
amount into court, and thus accomplishes exactly what would
have been accomplished had he been adjudicated special bail,
and suit brought against him for the amount of the bail bond,
which he ought to have taken in the first instance.

The plaintiff in this case cannot complain because the money
must be treated as the property of the escaped convict, and be-
sides, the plaintiff in the suit parted with his title by volun-
tary act, and he is now estopped to repudiate his contract after
having received the benefits thereof.

Without further argument we submit if the sheriff was
special bail under section 1464, it seems that he is not entitled
to recover. Though the money may have been taken without
authority it must be paid into the treasury the same as if col-
lected on a forfeited recognizance.

Again we say that the plaintiff cannot recover because he
stands *in pari delicto* with the sheriff. The contract is an
executed one and the law will leave the parties to the illegal
transaction in the exact situation it finds them.


WHITFIELD, C. J., delivered the opinion of the court.

In section 1464, Code of 1906, it is provided as follows: "It
is the duty of the sheriff taking a bail bond to return the same
to the clerk of the circuit court of the county in which the of-
fense is alleged to have been committed on or before the first
day of the next term thereof; and if any sheriff neglect to take
a bail bond, or if the same, from any cause, be insufficient at
the time he took and approved the same, on exceptions taken
and filed before the close of the next term, after the same
should have been returned, and upon reasonable notice thereof
to said sheriff, he shall be deemed and stand as special bail,
and judgment shall be rendered against him as such." On the
facts of this case we think the sheriff became special bail.

The sheriff admits he is special bail himself, and pays the money into court, and left the contest between the plaintiff and the state, represented by the district attorney. On this ground alone we rest the judgment of affirmance.

There is, however, another ground, to wit, that the plaintiff is *in pari delicto* with him in having joined in the violation of the law in taking the deposit of $250, instead of taking a proper bond or recognizable. In *Davis v. People,* 50 Ill. 199, we have a case on all fours with the case at bar. It was illegal in the state of Illinois to take the cash deposit instead of a bond or recognizance, and the corut held that the act of the sheriff was illegal. But it went on to hold that the plaintiff was *in pari delicto* with the sheriff, and so could not recover the money. That court said:

"Then it follows that the act is unauthorized and illegal, and, if so, the sheriff has wrongfully become possessed of this money, and plaintiff in error is entitled to recover it back, unless he is *in pari delicto.* That it is a flagrant violation of the duty of a sheriff or jailer to discharge a prisoner committed to his custody under proper authority, unless it be by legal requirement, there can be no question; and, should a sheriff receive a bribe for the purpose, he would no doubt render himself liable to indictment and punishment under the Criminal Code, or where the sheriff willfully, or from ignorance of his duty, unlawfully discharges a prisoner indicted for crime. Section 101 of the Criminal Code declares that if any sheriff, coroner, jailer, keeper of a prison, constable, or other officer or person whomsoever having any prisoner in his legal custody before conviction, shall voluntarily permit or suffer such prisoner to escape or go at large, every such officer or person so offending, shall, on conviction, be fined in any sum not exceeding $1,000, and imprisoned in the county jail not exceeding six months. It is apparent that the receipt of this money for the purposes shown by the evidence was illegal, and that it did not warrant the discharge of the prisoner; and, if that was not

authorized, it was in violation of section 101 of the Criminal
Code, and, if so, then plaintiff in error was *particeps criminis.*
There is no rule of law more firmly established than that a
party who gives or pays money to induce another to commit a
crime or misdemeanor, being a party to it, cannot recover it
back. ·Although this money was not paid as a bribe, it was
left as an indemnity to the sheriff to procure the release of the
prisoner, and plaintiff in error thereby contributed to the
breach of the law, and, from the evidence in the case, to a viola-
tion of the Criminal Code. It then follows that, as plaintiff
in error contributed to the wrongful discharge of the prisoner
and has thus assisted in obstructing justice, he has no right to
recover this money back from defendant in error."

The case of *Smith v. State,* 86 Miss. 315, 38 South. 319,
rests upon a different state of facts, and upon a different prin-
ciple of law. There is no merit or justice in the contention of
the appellant.

*Therefore the judgment is affirmed.*