[No. 15294. Department One. July 29, 1919.]

## J. Y. C. KELLOGG, *Appellant*, v. B. J. WITTE, *Respondent*, OTIS W. BRINKER, *Garnishee Defendant*.[1]

BAIL (10)—DEPOSIT IN LIEU OF BAIL. In the absence of statute, there is no authority to accept cash in lieu of bail.

SAME (10). Rem. Code, § 2089, authorizing the defendant, in lieu of bail, to deposit cash with the clerk of the court to which he is held, applies only to proceedings in the superior court.

SAME (10). Laws 1919, p. 153, authorizing justices and committing magistrates to accept cash in lieu of bail has no retroactive effect.

GARNISHMENT (19)—PROPERTY SUBJECT—IN CUSTODY OF LAW. Cash accepted by a justice of the peace in lieu of bail, without any legal authority so to do, is not in *custodia legis*, and is subject to garnishment.

Appeal from an order of the superior court for King county, Frater, J., entered December 18, 1918, in favor of the defendant, quashing writs of garnishment, after a hearing before the court. Reversed.

[1] Reported in 182 Pac. 570.

*Kellogg, Hyde & Luccock* and *J. Grattan O'Bryan,* for appellant.

TOLMAN, J.—On October 7, 1918, appellant, as plaintiff below, filed a complaint against the defendant, respondent here, in the superior court for King county, and on the same day caused a writ of garnishment to issue in said cause, directed to Otis W. Brinker, Justice of the Peace for Seattle Precinct, directing him to appear and answer as to what money or property he had in his possession or under his control belonging to, and what indebtedness, if any, he owed to, respondent. The garnishee defendant answered on October 10 that he had in his possession the sum of $1,500, deposited with him as such justice of the peace by the respondent, as bail for one F. B. Witte and one Francis Bernard Witte, in two certain criminal actions then pending before him, in which the state was plaintiff and the said Wittes were, respectively, defendants. On October 17, respondent appeared specially and moved to quash the writ of garnishment on the grounds that the fund in question was not subject to garnishment, and that the garnishee defendant was not subject to garnishment. Thereafter appellant sued out and caused another writ to be served upon the garnishee defendant, whose answer to the second writ was the same as the answer to the first, and in addition, set forth that the criminal proceedings in which the money had been deposited as bail were dismissed subsequent to the service of the last writ upon him, but prior to the making of the answer thereto. Respondent, maintaining his special appearance, moved to quash the second writ upon the same grounds as set forth in his motion to quash the first, and both motions were heard at the same time, resulting in an order granting both motions

and quashing both writs; from which order this appeal is taken.

The action of the trial court seems to be based upon the theory that money deposited as cash bail in the hands of a justice of the peace is in *custodia legis,* and for that reason is not subject to garnishment. But it is contended here that a justice of the peace has no authority to accept money in lieu of bail, and if he does accept it, having no authority to do so officially, he holds the funds as an individual and for the owner, who may recover by suit if a voluntary return be denied. It seems to be generally held that,

"In the absence of statute conferring such right a magistrate or officer has no authority to accept a deposit of money in lieu of bail." 6 C. J. 1023.

To the same effect are 5 Cyc. 114 and *Brasfield v. Mayor and Alderman of Milan,* 44 L. R. A. (N. S.) 1150, to which case is appended a note exhaustively reviewing the authorities, the great weight of which supports the text above quoted. Our statute with reference to bail before a magistrate is as follows:

"The magistrate before whom such accused person shall be brought, when the offense is bailable, may, at the request of such person, with or without examination, allow him to enter into recognizance, with sufficient sureties, to be approved by the magistrate, conditioned for his appearance in the superior court having jurisdiction of the offense." Rem. Code, § 1951.

Nor had we, prior to the act of 1919, hereinafter referred to, any statute relating to bail before a justice of the peace or magistrate providing any other or different method of giving it. The only statute which we then had on the subject of cash bail in criminal actions was Rem. Code, § 2089, which reads as follows:

"The defendant may, in the place of giving bail, deposit with the clerk of the court to which he is held to

answer the sum of money mentioned in the order; and upon delivering to the sheriff the certificate of deposit, he must be discharged from custody.''

A reading of this section, and especially in connection with its context in the act of 1854 (Laws 1854, p. 114, § 80), of which it formed a part, at once suggests that it applies only to proceedings in the superior court; and this court has so held in *McAlmond v. Bevington,* 23 Wash. 315, 63 Pac. 251, 53 L. R. A. 597. Chapter 76 of the Laws of 1919, p. 153, which was enacted after the termination of the proceedings below, and has recently gone into effect, provides that justices of the peace and committing magistrates may accept money as bail; but it has no retroactive effect, and we must therefore hold that, at the time the writs were served, the garnishee defendant held the money described in his answers in his individual rather than in his official capacity.

The order appealed from is reversed, with directions to proceed in harmony with the views herein expressed.

HOLCOMB, C. J., MITCHELL, MAIN, and MACKINTOSH, JJ., concur.