[Nos. 18051, 18052.  Department Two.  December 31, 1923.]

THE STATE OF WASHINGTON, *Appellant,* v. HARRY
WILLIAMS *et al., Respondents.*[1]

BAIL (9)—RELEASE FROM LIABILITY—SURRENDER OF ACCUSED—
STATUTES—ARREST ON OTHER CHARGE.  Where, pending appeals from
justice court, in which bail had been deposited to insure accused's
appearance in the superior court, the accused .or his surety sur-
rendered accused to the custody of the sheriff, the superior court has
power to exonerate the bail and order its return; and it is immaterial
that, at the time of the surrender, accused was already in the
custody of the sheriff on another charge.

SAME (9)—PENDENCY OF APPEAL—SURRENDER OF ACCUSED—LIEN—
SATISFACTION OF JUDGMENT.  The only purpose of bail pending appeal
from a conviction in justice court being to permit the accused's dis-
charge from custody pending appeal, there is no lien upon the bail
furnished to satisfy the judgment appealed from, after the surrender
of the accused by the bail to the proper officer.

Appeals from orders of the superior court for Frank-
lin county, Hill, J., entered April 28, 1923, directing the
return of money deposited as bail.  Affirmed.

*Chas. W. Johnson,* for appellant.
*Edward A. Davis,* for respondents.

FULLERTON, J.—On October 23, 1922, the defendant
Harry Williams was convicted in the police court of
the city of Pasco of having intoxicating liquor in his
possession contrary to the ordinances of the city, and
was sentenced to pay a fine of two hundred dollars,
together with the costs of the prosecution, and be con-
fined in the city jail until the fine and costs were paid.
Williams appealed to the superior court of Franklin
county from the judgment, and the police judge fixed
his bail pending the appeal at the sum of two hundred
and fifty dollars.  Williams, instead of entering into a

[1]Reported in 221 Pac. 289.

recognizance with sureties, deposited with the police judge the amount of the bail in money, and was thereupon discharged from custody. In due time, the police judge forwarded to the clerk of the court to which the appeal was taken a transcript of the proceedings of his court, together with the money deposited with him as bail.

On February 26, 1923, Williams was convicted in the same police court of a similar offense, and was sentenced to pay a fine of two hundred and fifty dollars with the cost of the prosecution. He again appealed to the superior court from the judgment of conviction, and bail was fixed at three hundred dollars. Money was also deposited in lieu of bail by recognizance on this appeal by the attorney of Williams, and Williams given his liberty pending the appeal. A transcript of the record of this proceeding was also forwarded to the clerk of the superior court to which the appeal was taken, together with the bail money, by the police judge.

Later on, and while the foregoing appeals were pending in the superior court, Williams was arrested on a warrant issued on an information filed in that court charging him with conducting and maintaining a place for the sale of intoxicating liquor, and was confined in the county jail to await his trial on the charge. While so confined he surrendered himself to the sheriff of the county of Franklin on his first conviction, and assigned the sum he had deposited as bail to secure his appearance in the superior court to the attorney who had become his bail on the second conviction. At or about the same time, the attorney also tendered his surrender on the second conviction. The attorney thereupon moved in each separate appealed cause for an order exonerating the bail, and for leave to withdraw from the clerk of the court the money deposited as bail. On

April 26, 1923, the court granted the motions, entering orders exonerating the bail and directing the clerk to turn over and pay the bail money to the defendant or his attorney.

Afterwards, and on April 28, 1923, Williams was tried on the jointist charge and was found guilty by the verdict of a jury. Later on he was sentenced to a term in the penitentiary, leaving the appeals from the convictions in the police court undetermined. The proceedings before us are appeals from the orders of the court directing a return of the money deposited as bail.

The objections to the orders of the court are stated by the prosecuting attorney in the following language:

"There are at least two reasons why the court erred in releasing the cash bail. First: The arrest by the state of Washington in another charge and a subsequent conviction does not amount to a surrender while the defendant is being held to answer the state charge. Second: Cash bail deposited is liable for the payment of the fines in case the police court is affirmed on appeal from a conviction in the summary proceedings for violating a city ordinance."

The first of the propositions here enunciated is possibly sound, but we cannot think that as it is stated it correctly represents the situation presented. In this state a person who is convicted in a police or justice's court and fined must, if he does not otherwise pay the fine, be confined in jail until the fine and costs are worked out at a stated sum per day. If he appeals from the judgment of conviction, he must be held in custody pending the appeal, unless he enter into a recognizance with sureties in such reasonable sum as the judge or justice of the court from which the appeal is taken may require, conditioned to appear at the court appealed to and there prosecute his appeal and abide the sentence of the court thereon (Rem. Comp.

Stat., § 1919) [P. C. § 9444] ; or in lieu of such recognizance he deposit with the proper officer of the court the amount of money for which he is required to enter into recognizance. (Id., § 776) [P. C. § 7372]. Elsewhere the statute provides for the exoneration of the sureties furnishing the bail. It provides that, at any time before the breach of the obligation, the sureties may surrender the person bailed to the sheriff of the county and thereby relieve themselves from further liability on their obligation, and further provides that the person bailed may himself surrender to the sheriff in exoneration of his bail. (See the various sections of the code cited under the title "Arrest and Bail.")

In the cases before us, as we have said, the surety in the one instance surrendered the defendant to the sheriff, and in the other the defendant himself made the surrender. It is on these acts, and not on the fact that the defendant was convicted of another and independent crime, that the bail claim an exoneration of their liability on their obligation and claim a right to a return of the money deposited. The validity of the orders of the court, therefore, must depend on the question whether the acts performed in the attempted surrender amounted in law to a surrender within the purport of the statute. It differs from the ordinary case only in the fact that the person bailed was in custody, and not at large, when the surrender was made. But we cannot think this difference in any way affects the right of surrender. Certainly, if the bail may surrender the custody of the person bailed to the sheriff at any time while he is at large, they may do so after his arrest on another charge; provided, of course, that the officer to whom they make the surrender may take him into custody. This might not be the fact if the officer to whom the surrender could be made is not the officer having him in custody on the

other charge, but there was no difficulty on this score in the present instance. The officer then having the defendant in custody was the officer entitled to his custody on the surrender of the bail, and after the surrender he but held him in custody on charges additional to the one on which he was then held. It is, therefore, our opinion that the surrender was within the province of the bail, and was properly made.

What we have said in answer to the first objection, in the main answers the second. The statutes cited make it clear that the only purpose of bail on an appeal from a judgment of conviction is to permit the discharge from custody of the convicted person pending the appeal. There is no requirement that the convicted person, as a prerequisite to an appeal, shall give bond to pay the fine that may have been imposed upon him as a part of the judgment of conviction. He may appeal without furnishing bail of any sort. If he does so he must stay in custody until his appeal is determined. By furnishing bail he secures his liberty, pending that event, or pending such time as his bail is willing to stand sponsor for him. Money deposited in the form of bail is only a substitute for bail by recognizance or bond, and sureties giving that form of bail have the same rights as do sureties giving the other, and may surrender the person bailed on the same terms as may the others. Since there is no requirement that the appellant shall give surety for the satisfaction of the judgment on taking an appeal, there is no lien upon the bail furnished, whether it be in the form of a recognizance or whether it be a money deposit, and hence the prosecuting authority may not hold the bail to a satisfaction of the judgment after the surrender of the accused by the bail to the proper officer.

The cases of *State v. Stommel,* 89 Iowa 67, 56 N. W. 263, and *State v. Meier,* 96 Iowa 375, 65 N. W. 316, cited by the prosecuting attorney to sustain his position, are not in point. The statutes under consideration in those cases provided that, upon an appeal from a judgment imposing a fine, the appellant, as a prerequisite thereto, must enter into an undertaking "to pay the fine" imposed, or so much thereof as the appellate court might direct. It being within the power of the legislature to impose such a condition as a prerequisite to the right of appeal, it is, of course, manifest that a surrender of the accused would not exonerate the bail. But, as we have shown, our statute contains no such requirement, and the applicable rule in the one instance cannot be the applicable rule in the other.

As bearing upon the questions discussed, see *McAlmond v. Bevington,* 23 Wash. 315, 63 Pac. 251, 53 L. R. A. 597.

The orders appealed from are affirmed.

MAIN, C. J., MITCHELL, PEMBERTON, and BRIDGES, JJ., concur.