CHARLES S. WASHBURNE, Plaintiff in Error, *vs.* J. B. LUFKIN and E. B. WEST, impleaded with others, Defendants in Error

ERROR TO THE DISTRICT COURT OF HENNEPIN COUNTY.

The conditions of an Arbitration bond were, that if the principal should "well and truly submit, and stand to, and abide by the decision and award of the arbitrators," &c., &c. *Held,* that the bond, taken in connection with the instrument of submission, whereby the arbitration was agreed to, obligated the parties not merely to abide the submission of the case to arbitrators, but that it requires a performance of the award, or payment of any sum of money directed to be paid under the award. A neglect and refusal on the part of the principal to pay the money according to the award, renders the sureties liable to an action.

Points and authorities of Plaintiff in Error :

*First.*—It is not necessary that "the full name of the

respective parties" to an action should be set forth in the complaint. It is always enough to give the initials of the Christian names of the parties; especially is it enough to sue the Defendants by the names by which they have signed the instrument on which the action is brought, as is the case in this action. Nor if this were error, would it be ground for demurrer. *Vide* 1 *Chitt. on Pleading*, 255; *Rev. Stat. M. T. page* 337, *Chap.* 70, *Sec.* 61; 7 *How. Pr. Rep.* 25.

*Second.*—The Defendants, Lufkin and West, were not, nor was either of them entitled by the terms of the articles of submission, nor of their bond, nor of the award, to any publication of the award to them personally.

*Third.*—Under the articles of submission and the bond declared upon, it appears by the complaint, that the award was duly published. *Cald.* 195; 2 *Sam.* 62, *a note* (4); 1 *Bac. Ab.* 353; 3 *Mod.* 330; 11 *Mod.* 170; 12 *Mod.* 234, 317; 1 *Lord Raymond*, 114, 115, 247, 533, 989; 2 *Caine*, 320; *Cro. Car.* 541; *Carth.* 159; 2 *Caine's Cases*, 320, 326; 1 *Bac. Ab.* 345; *same page, Note a.;* 4 *East.* 584; 6 *East.* 310; 22 *Wend.* 825; 35 *Maine*, 281, (*page* 286); 6 *N. H.* 264; 30 *Maine*, 552.

*Fourth.*—Even were this a statutory arbitration, the award would be good, even though the arbitrators were not sworn; but this is a *common law* arbitration, and in such case it was never necessary nor customary that the arbitrators should be sworn. 4 *Comstock*, 157; 1 *Denio*, 440; 10 *Serg. & Rawle*, 207; 24 *Wend.* 258; 4 *Blackf.* 44; 3 *Watts*, 320; 2 *Watts*, 471; *Rev. Stat. M. T. Amd'ts, page* 21, *Sec.* 98; 13 *Maine*, 41, *p.* 47; 5 *Miss.* 551; 1 *Hill.* 319.

*Fifth.*—The facts alleged in the complaint, of the non-payment by Defendant Chase of the sum awarded to be recovered from him by the Plaintiff, show a breach of the arbitration bond signed by said Chase and the Defendants Lufkin and West, upon which this action is brought. The obligation to "stand to" an award, is broken if the award be not performed. 1 *Bac. Abr.* 346; *Salkeld*, 75.

*Sixth.*—The award is good in every particular. 7 *T. R.* 352; *Rev. Stat. M. T. page* 332, *Sec.* 36; 1 *Peters*, 222; 1 *Watts*, 280; 1 *Bac. Abr. pages* 323 *to* 343, *Title "Arbitrament and Award,"* (*E.*) *and cases cited.*

*Seventh.*—The adjournment from time to time, and place to place, by the arbitrators, was entirely within their powers, and being done "by consent of all parties," as appears by the complaint, could be no ground of objection to the award. Nor do the articles of submission point out any place for making the award. 3 *Watts,* 125; 4 *Harrington,* 352; 8 *Blackf.* 158; 1 *Burritt's Law Dict.* 262; *Co. Litt.* 126; 2 *Inst.* 123; *Broom's Maxims,* 58; 3 *Johns.* 366; 17 *Maine,* 52; 5 *Foster,* (*N. H.*) *Tracey vs. Hendrick.*

*Eighth.*—No notice to the Defendants of the making of the award was necessary by the terms of the articles of submission, or of the bond, or by law. 3 *Barb. S. C. Rep.* 56, *p.* 58, *and cases therein cited.*

*Ninth.*—The award, in its provision that Plaintiff do "recover" a sum certain of the Defendant Chase, follows the wording of final judgments for money, the world over. As it is not an award under a statutory arbitration, upon which a judgment might be entered in a court of law, it is a matter of course, and of necessity, that it should "entail an action at law," should the Defendant Chase fail, refuse, or neglect to pay the sum awarded. 6 *Met.* 280, *pages* 285–6; 10 *Mass.* 253; 16 *Mass.* 396.

*Tenth.*—Everything is to be presumed, and every reasonable intendment made in favor of an award. 1 *Rend.* 449; 2 *Call.* 106; 2 *Har. & Gill.* 67; *Coxe* 16; 1 *Pet.* 222; 5 *Maine,* 38; 4 *Der. & Bat.* 182; 20 *Vermont,* 132; 1 *Taylor,* 37.

Points and authorities of Defendants in Error:

*First.*—To maintain an action on a bond or specialty against sureties to the same, default by the principal in the conditions, or some one condition of the bond as laid and pleaded, must be alleged; and where the conditions of the bonds or specialty as laid and pleaded, are, that "if the principal in the bond shall well and truly submit, and stand to, and abide by the decision and award of the arbitrators," &c., and the only allegation purporting to assign a breach of the condition is, that said principal in the bond "has not paid said sum due from him to this Plaintiff, by virtue of said award, nor any part thereof, but though often requested, has refused," &c., no

breach whatever is pleaded, and no cause of action shown against principal or sureties to such bond or specialty. And when, as in this case, it is provided in the bond that the award to be abided by, is to be made in accordance with the agreement of submission, it should appear affirmatively that the award was so made.

*Second.*—If the sureties to the bond become liable by its terms, to see that the award to be made was performed on the part of Chase, still there would be no breach of the condition, until a special demand made upon him to perform the award, and refusal on his part so to do; no such demand or refusal is pleaded in this case, nor any notice to principal or sureties, before suit, that an award had been made, is averred.

*Third.*—The condition of an obligation is considered as the language of the obligee, and so is construed in favor of the obligor, and no more force should be given to such language than its ordinary acceptation would warrant. *Co. Litt.* 42, a 183; *Parsons on Contracts, page* 22, *Vol.* 2.

*Fourth.*—The bond is in the usual form of bonds in such cases, with the exception that sometimes such bonds contain a condition of a performance of the award; and it has never been held that obligors or sureties to bonds, without a condition for performance, bound themselves to do anything more than to submit the controversy, and await the award without revoking the submission, or repudiating the award when made, such bonds are simply to the effect that the object of the arbitration shall be attained, viz: the controversy determined, the matters in dispute settled, or a basis laid for settling them. Not that any sums of money shall be paid, such words do not have the force of compelling the obligors to acquiesce in the award. *Shaw vs. Hatch,* 6 *New Hampshire,* 162; *Marsh vs. Bulteel,* 5 *B. & Anderson,* 507; *Ex parte Wallis,* 7 *Cow.* 522.

GEO. A. NOURSE, Counsel for Plaintiff in Error.

SANBRON & LUND, Counsel for Defendants in Error.

*By the Court.*—ATWATER, J. Lufkin and West were sureties on a bond executed by Thomas Chase as principal, condi-

tioned to abide by an award to be made by arbitrators, in regard to certain matters of difference existing between Chase, Kimball and Washburne, (the Plaintiff below). The complaint sets forth the instrument of submission, executed by the parties, the bonds, the making of the award, &c., by the arbitrators, and alleges that the said Chase was required by the same to pay the Plaintiff the sum of $1600. Default was alleged in payment of the amount, and judgment demanded against the Defendants for the same. A demurrer was interposed to the complaint, which was sustained, and the Plaintiff brings the cause to this court by writ of error.

The principal question arising in this case upon the liability of the Defendants, Lufkin and West, occurs upon the construction to be given to the language used in the condition of the bond, which is as follows :

" The condition of the above written obligation is such, that if the above bounden Thomas Chase shall well and truly submit, and stand to, and abide by the decision and award of the arbitrators, provided for by a certain agreement in writing, bearing even date herewith, entered into by and between, &c., submitting to arbitrators therein named, all matters in dispute between said last named parties, said award to be made as therein provided, then this obligation to be void; otherwise," &c.

It is contended on the part of the Plaintiff in Error, that the language here used, " submit, and stand to, and abide by the decision of the arbitrators," does not mean or require a performance of the award, or payment of any sum of money, when such is the award, but only to abide by the submission of the case to arbitrators. That the meaning and intent of the bond only is, that the parties shall not withdraw the case from the consideration and decision of the tribunal to which they have agreed to submit it. Such a construction is not in accordance with the import of the literal terms used, nor does it seem to be justified by the object to be attained ; or rather, to allow such a construction to obtain, would render the instrument of little or no practical value. This bond is in the usual form of an arbitration bond, and the language used expressly mentions the " decision," or " award," of the arbitra-

tors, showing that that was the subject in the minds of the obligors, and not merely the *submission* on which the arbitrators were to act. Nor can there be much room for doubt, as to the meaning intended to be conveyed by the terms, "submit and stand to, and abide by." It might, perhaps, have been rendered more explicit, had the word, perform, been used in addition thereto, though the sense would not be materially changed. To speak of submitting to and abiding by a law, an order, a decision, means in common parlance, to obey it, to comply with it, to act in accordance with it, and perform its requirements. If the terms have not such force, it is difficult to perceive how any meaning can be given to them.

That this was the meaning attached by the obligors themselves to the terms above referred to, we think is farther evident from the instrument of submission, which is recited in the complaint. This instrument is expressly mentioned in the condition of the bond, and it is reasonable to infer that the sureties were acquainted with the contents of the same. In regard to what was to be done in pursuance of the award therein provided for, the language is a little different, and perhaps more explicit. The parties thereto " mutually agree to and with each other, that the award so made by said arbitrators, or any two of them, shall in all things by us and each of us be well and faithfully kept and observed, whether it be for payment of money, conveyance of real estate, or performance of any other act or thing found by said arbitrators, justly required to be done by any one or more of the parties hereto, to any one or more of the parties hereto." Such is the agreement entered into by the instrument of submission, on the part of Chase, the principal in the bond, with direct reference to the award to be made thereupon, and as it is the only agreement in that instrument, directly bearing upon the award or decision itself, the irresistible inference to my mind is, that it was the performance of this agreement which the bond was given to secure, and which the sureties undertook on behalf of the principal. That an award for the payment of money by a party to the submission, is " faithfully kept and observed," by a neglect and refusal to pay the same, will scarcely be contended. Such neglect and refusal on the part of the principal

is a breach of his agreement, and must render his sureties on the bond liable to an action.

To give the construction to this bond claimed for it by the Plaintiff in Error, would seem to render such bonds of little practical utility. For in an action brought on such bond, for a revocation of the submission, the penalty would not be the measure of damages sustained, and to show the actual damage would probably render it necessary to try the merits of the case. And a submission to arbitration would in such case, place the parties in no better position than they would have occupied, had an action at law been commenced in the first instance. Were the proper construction, therefore, a matter of doubt, that should be adopted which would prove of most practical advantage, and encourage the settlement of differences by arbitration.

The only authority cited bearing directly upon the point here raised, is that in 1 *Bac. Abridg.* 346, where it is stated, that "if there be an obligation to *stand to* an award, each ought to perform on his own part at the peril of his obligation." Entertaining these views of the question presented by the demurrer, the Court erred in sustaining it, and the judgment below must be reversed.

*Chief Justice Emmett dissents.*