STATE OF IOWA V. MARTIN MEIER AND CONRAD HOFF-
MAN, Appellants.

**Bail Bond.** Defendant was sentenced to pay a fine and to be imprisoned in default of his so doing. Bail put in by him undertook that, upon affirmance the fine should be paid and defendant surrendered in execution of the judgment of the supreme court. *Held*, the bond is not complied with by surrendering the defendant, nor is recovery upon it of the fine estopped because the governor has suspended sentence so far as imprisonment is concerned. See Code, 4587.

*Appeal from Polk District Court.*—HON. W. A. SPUR-
RIER, Judge.

FRIDAY, DECEMBER 13, 1895.

Action on a bond. Judgment against the defendants. The defendant Hoffman appeals.—*Affirmed*.

*J. F. Conrad* and *T. L. Sellers* for appellants.

*Dowell & Parish* and *W. G. Harvison* for the state.

Kinne, J.—I. The record discloses the following facts: That defendant Meier was indicted and convicted in the district court of Polk county, Iowa, for a liquor nuisance. He was sentenced to pay a fine of three hundred dollars, twenty-five dollars attorney's fees, and the costs, and was ordered imprisoned in the county jail of said county for one hundred and four days unless said fine, attorney's fees and costs were

paid. Said Meier appealed from said judgment, and executed a bond, with the defendant and appellant Hoffman as surety. Said bond was conditioned as follows: "Now, therefore, in case the said Martin Meier shall well and truly pay said fine, or such part of it as the supreme court may direct, and if the said Martin Meier shall surrender himself in execution of the judgment and direction of the supreme court, and in all respects abide the orders and judgments of the supreme court, then this bond to be void; otherwise, to be and to remain in full force and effect." On appeal to the supreme court the judgment below was affirmed. 88 Iowa, 747 (55 N. W. Rep. 521). Thereafter the appellant Hoffman turned the defendant Meier over to the custody of the sheriff of Polk county, who placed him in jail to serve out the sentence, where he remained until July 11, 1893, when he was released upon an order from the governor of the state suspending the sentence only "so far as the order of imprisonment is concerned." In this action a judgment was rendered against the surety, from which he prosecutes this appeal.

II. Appellant contends that, under the facts disclosed in record, the court erred in rendering a judgment against him; that he had, prior to the beginning of the proceeding to forfeit the bond, caused Meier to be surrendered in execution of the judgment. Furthermore, he claims that, by reason of the act of the governor the state is now estopped from recovering against him. Our statute provides: "After conviction upon an appeal to the supreme court, the defendant must be admitted to bail as follows: (1) If the appeal be from a judgment imposing a fine, upon the undertaking of bail that he will pay the same, or such part of it as the supreme court may direct, and in all respects abide the orders of the judgment of the supreme court upon the appeal. (2) If the appeal be from a judgment

of imprisonment, upon the undertaking of bail that he will surrender himself in execution of the judgment and direction of the supreme court, and in all respects abide the orders and judgment of the supreme court upon the appeal.   *   *   *" Code, section 4587. Now, it is contended that, when the appellant placed Hoffman in charge of the sheriff, he thereby discharged his obligation under the bond. We do not so construe the law and the obligation entered into by Hoffman, as surety, for, by the express terms of his bond, he agreed, if the cause against Meier was affirmed, to "pay said fine, or such part of it as the supreme court may direct," and to see that Meier surrendered himself in execution of the judgment. His bond was to be void only on the happening of both conditions. It is said that the bond is given under the second division of the section above quoted. That is not true. That division refers to a case where bail is given on a judgment for imprisonment alone. The case at bar is one where there was a fine imposed, and a judgment for imprisonment until it was paid. Hence the bond was properly framed so as to cover the case presented. Code, section 4588. It is true in this case that the imprisonment is the means provided by the statute for coercing payment of the fine, but it is settled by a long line of authorities that the undergoing of imprisonment in such a case by the defendant, would not release him from the payment of the fine. *State v. Jordan,* 39 Iowa, 387; *State v. Anwerda,* 40 Iowa, 151; *City of Keokuk v. Dressell,* 47 Iowa, 597; *Albertson v. Kreichbaum,* 65 Iowa, 18 (21 N. W. Rep. 178). The obligation of Hoffman was not in the alternative that he would pay the fine or deliver the defendant in the execution of judgment, but he expressly undertook to do both. Such being the case, Hoffman's liability was not satisfied by delivering the defendant to the sheriff, in execution

of the judgment. We do not think this contention of the appellant requires further discussion.

III.   Lastly, it is urged that the state should be estopped from recovering against Hoffman because of the action of the governor. The order of suspension of the governor, as we have shown, related only to the imprisonment. Before its issuance, Hoffman had complied with one condition of the bond,—he had surrendered his principal to the sheriff. Now, the action of the governor in releasing Meier from further imprisonment in no way affected any right of Hoffman. He was not induced thereby to change his position. He did nothing by reason thereof. The essential elements of an estoppel are wanting. As we have seen, Hoffman's liability to pay the fine was absolute in case the judgment was affirmed and his principal failed to satisfy it. Therefore, any action which the executive might take touching the imprisonment could in nowise affect Hoffman's liability. We discover no error, and the judgment below is *affirmed*.