MUSCATINE COUNTY, Appellant, v. A. J. OLIVER, HARRY HUTTIG and W. C. HEALY, Appellees.

**Certiorari:** SUPERSEDEAS BOND: SCOPE OF OBLIGATION. A bond given to
1 stay the enforcement of a judgment pending a hearing upon certiorari, like other contracts, must be construed in the light of the circumstances calling it into existence, its purpose and the statute authorizing it: So that a bond given to stay a judgment for contempt, providing that defendant would appear and submit to the final order of the supreme court or of the district court in the matter, included his appearance and submission to the judgment for contempt, and was not merely an obligation of the sureties for the payment of the costs in the certiorari proceedings and the performance by defendant of any further order of either court in that proceeding; as the certiorari proceeding is no more than a means of reviewing the judgment for contempt, which grew out of and was a part of that action.

**Same.** An affirmance in certiorari proceedings of a judgment for
2 contempt entered by the trial court makes the same a judgment of the supreme court, within the provisions of a supersedeas bond obligating the sureties to satisfy the judgment rendered against the petitioner on certiorari.

Same.  A bond given to stay a judgment for contempt pending certi-
3    orari proceedings, providing that defendant should appear and
     submit to the judgment of the court, includes the obligation to
     pay the judgment for contempt, costs and attorney's fees.

*Appeal from Muscatine District Court.*—HON. WM. THE-
OPHILIUS, Judge.

WEDNESDAY, FEBRUARY 19, 1913.

ACTION at law upon a supersedeas bond. Judgment for
plaintiff for a part of the recovery demanded. Both parties
have appealed; but the plaintiff, having first perfected its
appeal, will alone be denominated the appellant. *Affirmed* on
defendants' appeal, and *Reversed* and *Remanded* on plain-
tiff's appeal.

*Betty & Betty*, for appellant.

*J. C. Kammerer* and *E. F. Richman*, for appellees.

WEAVER, C. J.—The facts are not in dispute. One Seid-
litz, having been found guilty in the district court upon a
charge of contempt in violating the terms of a liquor injunc-
tion theretofore entered against him, was adjudged to pay a
fine of $500 and costs, and that he be imprisoned in the
county jail for a term of ninety days. To obtain a review
of the record in that case, and to annul said judgment against
him, Seidlitz sued out a writ of certiorari from this court;
and, to stay or supersede the enforcement of said judgment
pending the hearing upon certiorari, he filed a bond in the
penal sum of $1,000, signed by the defendants herein as his
sureties. The condition or obligation of said bond is con-
tained in the following words: ''Now, if the said appellant
shall pay to the state of Iowa all costs and damages that shall
be adjudged against . . . [him] on the final hearing of
said petition, and shall appear and submit to the final order

of the Supreme Court or of the district court in this matter, this obligation to be void," etc. The plaintiff brings this action upon said bond, alleging that the issues in the certiorari proceeding were decided against Seidlitz, and the judgment rendered against him in the district court was upheld and affirmed, but that said fine and costs remain unpaid, and recovery therefor is demanded upon such bond. Answering said petition, the defendants admit the execution and delivery of the bond, but deny that the matters alleged by the plaintiff constitute any breach of their said obligation, and that, as such sureties, they are in no manner liable upon said bond for the payment of the fine or costs adjudged against Seidlitz, unless it be for the costs accruing in the certiorari proceeding in this court, which do not exceed the sum of $27.50.

Upon the issue thus joined, trial was had to the court without a jury. It was stipulated or admitted in evidence that Seidlitz was adjudged guilty of contempt in the district court, and sentenced to pay a fine of $500 and costs, including an attorney's fee, and that he be imprisoned in the county jail for a term of ninety days. It was also conceded that the certiorari proceeding in which the bond was given was decided adversely to Seidlitz, and that neither fine nor costs have ever been paid. Upon this agreed showing of facts, the trial court found and adjudged that defendants were liable upon the bond for the payment of the costs and attorney's fees taxed against Seidlitz in both the district and Supreme Courts, but that they were not liable upon said bond for the payment of the fine. Judgment was entered accordingly, and both parties except and appeal.

I.   Reduced to its briefest terms, the question before us is solely one of the construction to be placed upon the obligation of the bond. For what do the sureties undertake to become liable? Certainly the bond was not intended as a mere idle form, having no office in, or effect upon, the course of the proceedings.

1. CERTIORARI: supersedeas bond: scope of obligation.

Its meaning and effect cannot, of course, be extended beyond the fair import of the language employed; but, to clearly ascertain such import, the bond, like all other written contracts and undertakings, must be read in the light of the circumstances calling it into existence; the purpose it was intended to subserve and the statute authorizing it.

Seidlitz had been convicted upon a charge of contempt and sentenced, as we have seen, to pay a fine and to be imprisoned. That judgment he wished to have reviewed upon certiorari from this court. Under our practice, he could sue out the writ of certiorari without giving bond or security of any kind; but such proceeding would not stay execution for the collection of the fine or mittimus for his commitment to jail, and it would be possible for the judgment to be fully enforced and satisfied in the district court before a review of the record could be had in this court. To prevent this, he sought for and obtained an order staying or suspending the execution of the judgment against him, pending the disposition of the certiorari proceedings, on condition that he file a bond in the sum of $1,000. That it was intended as a supersedeas bond was beyond all question; and that it was so considered and given effect accordingly is perfectly clear. It is the contention of the defendants, however, that the terms of the bond obligate them for nothing more than the payment of costs in the certiorari proceedings and the submission of Seidlitz to any further order or judgment *thereafter* rendered against him in either court *in such proceedings*. Starting with this theory of the nature of the bond, it is then said that, except for the item of costs accruing in this court upon the certiorari proceedings, no judgment or order was thereafter rendered against Seidlitz in either court, and therefore, except for the costs last mentioned, there is and can be no right of recovery against the defendants. It may be conceded that, as applied to the first condition of the bond, which provides that Seidlitz ''shall pay all costs and damages which shall be adjudged against him upon the final hearing of said

petition," the argument is sound, but as much cannot be said of its application to the second condition that he "shall appear and submit to the final order of the Supreme Court or of the district court in this matter." In the first place, counsel lay stress upon the concluding phrase "in this matter," and say that "this matter" was the certiorari proceeding, as distinguished from the case for the review, of which that proceeding was instituted. This, it seems to us, is an inconsequential play upon words. The subject-matter of inquiry, under the writ of certiorari, was the judgment rendered against Seidlitz, and the proceedings in which said judgment has been entered. It is true that certiorari is begun or obtained by an original application in the court of review; but it is nevertheless a phase of this court's appellate jurisdiction, by which certain judgments and orders of a court of inferior jurisdiction may be reviewed and set aside, if cause therefor be found. It is in all essential respects a chapter or part of the proceedings begun and tried in the inferior court. The effect of certiorari is to remove the record of the case from the court below to the court of appellate jurisdiction; and it is that case, and none other, which is considered and passed upon in pursuance of the writ. In short, we repeat that the matter under consideration, upon certiorari, is the same matter which the trial court had before it, and the concluding phrase of the bond cannot be restricted more narrowly than is here indicated. Bearing upon this branch of the discussion, see *Brown v. Powers,* 146 Iowa, 729; *Jones v. Mould,* 151 Iowa, 599.

Again, it is to be noticed that, even if we give the bond the restricted construction contended for by defendants, they are mistaken in saying that this court, in disposing of the certiorari proceedings, entered no judgment against Seidlitz other than that he pay the costs. On the contrary, this court, in express terms, affirmed the judgment of the district court. See *Seidlitz v. Jackson,* (Iowa) 125 N. W. 230. That this decision is a judgment, or

2. SAME.

at least a reaffirmance of the judgment below, within the obligation and meaning of the bond, see *Ela. v. Welch,* 9 Wis. 401.

We have then to inquire whether defendants' undertaking that Seidlitz shall appear and submit to the final order of the Supreme Court or of the district court implies an obligation securing payment of the fine. That which the obligors in such bonds undertake their principal shall do is perhaps more often expressed by the words, "appear and abide by the order or judgment of the court"; but we think the phrase actually here made use of, "appear and submit to," is of the same substance and import. It surely cannot mean simply that he shall acquiesce or yield his assent to the judgment against him. The judgment and authority of the court do not depend for their efficiency upon the acquiescence of a defendant. The judgment against him is twofold: That he pay a fine, and that he suffer imprisonment. The undertaking of the bond does not differentiate between these penalties, and secure simply his submission to the order or judgment of imprisonment; it promises that he will submit to the order or judgment as an entirety. In this connection, it will be observed that there is no alternative judgment providing for imprisonment upon failure to pay the fine; and the only manner in which he can submit to, or comply with, the judgment in that respect is to pay it. The Minnesota court, having occasion to construe a bond by which the principal was bound to "submit and stand to and abide by" the result of a certain arbitration, says: "Nor can there be much room for doubt as to the meaning intended to be conveyed by the term, 'submit and stand to and abide by.' It might perhaps have been rendered more explicit had the word 'perform' been used in addition thereto, though the sense would not be materially changed. To speak of submitting to or abiding by a law, an order or a decision means, in common parlance, to obey it, to comply with it, to act in accordance with it, and perform its requirements. If the terms have not

**3. SAME.**

such force, it is difficult to perceive how any meaning can be given to them.'' *Washburne v. Lufkin,* 4 Minn. 466 (Gil. 362).

An undertaking that a defendant shall ''abide the judgment'' rendered against him has frequently been construed to require a payment of such judgment. *Harris v. Elevator Co.,* 66 Kan. 372 (71 Pac. 804); *Taylor v. Hughes,* 3 Me. [3 Greenl.] 433; *Corson v. Tuttle,* 19 Me. 409; and, though the decisions are not entirely harmonious upon the proposition, we deem it the better holding and less inducive to practices whereby stays of proceedings may be obtained upon the filing of meaningless bonds. The general policy of our laws, with reference to the suspending or staying of proceedings upon judgments, is seen in the provision that no stay shall be allowed upon an appeal, except upon filing a bond to pay such judgment in case of its affirmance (Code, section 4128), and that, where the appeal is from the assessment of a fine, the bond must secure its payment, should a reversal not be obtained (Code, section 5506). In the chapter upon certiorari (Code, section 4156), it is provided that, where a stay of proceedings is sought, it can only be allowed upon giving a bond, the penalty and conditions of which shall be fixed by the court. In view of the general limitation to which we have adverted upon the staying of proceedings upon a judgment, we think it a fair deduction that ordinarily this court cannot properly order a stay in certiorari without a bond for payment of the judgment in case of affirmance, and that the provision in section 4156 simply authorizes in addition thereto, such other reasonable conditions as the court or judge granting the writ may deem wise. The order granting the stay evidently was made in the belief that it required such security. The bond was given for the purpose of securing such stay. It accomplished its purpose in delaying and postponing the enforcement of such judgment. If there be any ambiguity or uncertainty in phrasing the bond, it ought to be given effect according to the apparent meaning or construction which all parties have placed upon it. In our judgment it should be

construed as securing payment of the fine and costs and attorney's fees.

It follows that the judgment below will be affirmed upon defendants' appeal, and reversed upon the plaintiff's appeal, and the cause will be remanded to the trial court for the entering of a modified judgment in harmony with this opinion.

*Reversed* upon plaintiff's appeal; *Affirmed* upon defendants' appeal.