STATE OF IOWA, Appellee, v. B. F. MARQUARDT et al., Appellants.

CRIMINAL LAW: Appeal—Liability on Bond. An appeal bond in a criminal cause, conditioned "to prosecute the appeal and to pay said fine * * * or so much thereof as the Supreme Court may direct," is not, on affirmance, canceled by the imprisonment of the appellant for the time authorized by the fine.

*Appeal from Winnebago District Court.*—E. G. ALBERT, Judge.

DECEMBER 15, 1922.

ACTION to determine the liability of sureties on a criminal appeal bond, the defendant having appealed to the Supreme Court of Iowa from a judgment imposing a fine upon his conviction on an indictment for maintaining a liquor nuisance. The trial court determined that the bond upon affirmance of judgment by the Supreme Court was in full force and effect and overruled appellants' motion to discharge said bond and entered judgment accordingly. Defendants appeal.—*Affirmed.*

*Thompson, Loth & Lowe,* for appellants.

*Ben J. Gibson,* Attorney-general, and *Tom Boynton,* County Attorney, for appellee.

DE GRAFF, J.—This appeal is in a narrow compass and involves the construction of Code Section 5506 as applied to the terms of the bond in suit.

On the fact side the record discloses that the defendant B. F. Marquardt was indicted March 22, 1917 by the grand jury of Winnebago County, Iowa for the crime of liquor nuisance. The trial on the indictment resulted in a verdict of guilty, and the defendant was sentenced to pay a fine of $450, an attorney fee of $50, and costs in the sum of $150.75, and to stand committed at hard labor in the jail of Winnebago County, Iowa until said fine was paid, not exceeding 135 days. Bond on appeal was fixed at $600. Judgment was entered accordingly, and thereafter an appeal was perfected to the Supreme Court of Iowa and an appeal bond was filed containing *inter alia* the following recital: ''Now if the said Ben Marquardt will prosecute his appeal and will pay said fine adjudged against him or so much thereof as the Supreme Court may direct and in all respects abide the orders and judgment of the Supreme Court on appeal, * * * then this obligation to be void, otherwise in full force.''

This bond was signed by the defendant Marquardt, as prin-

cipal, and by James Flynn and F. H. Pomeroy, as sureties. It was duly approved and filed by the clerk of the district court and the cause on appeal was affirmed by the Supreme Court of Iowa. *State v. Marquardt,* 184 Iowa 1068. On May 24, 1919 a procedendo issued which recited that the judgment of the trial court had been affirmed and directing the district court "to proceed in said matter as if no appeal had been taken and prosecuted."

A mittimus caused the defendant Marquardt to be imprisoned in the county jail for the time specified in the judgment. Thereupon the clerk of the dictrict court entered of record a release of the appeal bond and an exoneration of the sureties pursuant to Code Section 5519. On November 29, 1921 plaintiff State of Iowa filed its motion to set aside the release of the bond making the original defendant and his sureties defendants in the action.

Upon due notice to all parties and after a hearing in said matter judgment was entered by the trial court setting aside the purported release and satisfaction of the appeal bond and determining that said bond is in full force and effect. From the judgment entered this appeal is taken.

Code Section 5506 provides that after conviction and upon an appeal to the Supreme Court, if from a judgment imposing a fine, the defendant must furnish a bond conditioned that he will in all respects abide the orders and the judgment of the Supreme Court in said cause. This is not a case involving the appearance of a defendant in order that the judgment of a court may be performed. The bond in suit is not an appearance bond. The undertaking of the bond is in legal effect the securing the assessment of a fine and the obligation to pay said fine in the event a reversal of the judgment was not obtained. The judgment was affirmed, and the fine has not been paid.

The provisions of Code Section 5519 upon which appellants bottom this appeal are not applicable or controlling. Nor is the fact that the defendant Marquardt has been incarcerated in the county jail for the period of sentence for failure to pay the fine a material circumstance. Nothing has happened to affect the conditions of the bond or the recitals in the judgment. The sureties expressly obligated themselves to perform the judg-

ment, if the principal failed so to do. The undertaking of the sureties was to pay the fine in the event of an affirmance. They were in the first instance and are now bound by that undertaking.

We accept the reasoning and the conclusion announced in *Muscatine County v. Oliver,* 159 Iowa 417, and in *State v. Meier* 96 Iowa 375. The ruling of the trial court was correct and the judgment entered is therefore—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.