VAN BUREN COUNTY, Appellant, v. WALTER BRADFORD, Appellee.

**CRIMINAL LAW:** Appeal—Bond—Conditions—Costs. An appeal bond on appeal from a judgment of conviction for felony does not embrace liability for costs. (Sec. 13617, Code of 1924.)

Headnote 1:   17 C. J. p. 100.

Headnote 1:   2 R. C. L. 313.

*Appeal from Van Buren District Court.*—W. M. WALKER, Judge.

### OCTOBER 19, 1926.

Action on a bond given on appeal to this court from a judgment of conviction entered in the district court against one Cocherell. The defendant herein was surety on such bond. The judgment appealed from sentenced the defendant to a term of three years in the penitentiary. The judgment was affirmed in this court, and the surety surrendered the defendant, who served his term. He did not pay the costs incurred in either court. The breach of conditions pleaded is the failure to pay such costs. There was a demurrer to the petition, which was sustained, and the plaintiff appeals.—*Affirmed.*

*Newbold & Newbold,* for appellant.

*J. C. Calhoun,* for appellee.

EVANS, J.—The bond sued on was given pursuant to Section 5506, Code of 1897, which is as follows:

"After conviction, upon an appeal to the Supreme Court, the defendant must be admitted to bail, if it be from a judgment imposing a fine, upon the undertaking of bail that he will, in all respects, abide the orders and the judgment of the Supreme Court upon the appeal; *if from a judgment of imprisonment,* upon the undertaking of bail that the defendant will surrender himself in execution of the judgment and direction of the Supreme Court, and in all respects abide the orders and judgment of the Supreme Court upon the appeal."

We are concerned herein with that part of the statute which relates to judgment by imprisonment. The contention of the appellant is that the provision that the defendant would abide the judgment of this court is an undertaking that he will pay the costs, in case of affirmance. It is the general rule that a judgment for costs against a defendant in a criminal prosecution creates a civil, and not a criminal, liability. That is to say, there can be no imprisonment for failure to pay the costs. There is statutory exception in this state to such rule, in that, in liquor prosecutions, where fines are imposed, the statute makes the costs a part of the penalty, and enforces payment by imprisonment. In other words, the costs are made a part of the fine.

Appellant relies mainly for authority upon the following of our cases: *State v. Meier,* 96 Iowa 375; *Muscatine County v. Oliver,* 159 Iowa 417; *State v. Marquardt,* 194 Iowa 1311. All these cases were prosecutions for violations of the liquor statutes, and were all cases where the penalty inflicted was a fine and costs. Section 5506, Code of 1897 (which was also contained in the Code of 1873), was originally construed by us in *State v. Stommel,* 89 Iowa 67. The judgment involved in that case was a fine of $600. We held that the undertaking of the surety was for the payment of such fine. But we also distinguished between the undertaking of the surety in such case and the undertaking in a case of judgment by imprisonment.

In *State v. Anderson,* 119 Iowa 711, we expressly held that, where a third party had made a deposit in lieu of bail bond, he was entitled to release of the deposit upon the surrender of the defendant, without the payment of costs. We also held in the same case that a surety who had signed the bond of

defendant on appeal to this court was entitled to release, upon the surrender of the defendant, and was not liable for the costs. We think this case is quite controlling of the case at bar. Briefly stated, it is not the policy of the law that one who has been convicted of a felony and sentenced to imprisonment in the penitentiary shall be required to secure payment of costs, as a condition precedent to his right of appeal to this court.

We think the district court properly sustained the demurrer. Its judgment is, accordingly, affirmed.—*Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.