STATE OF IOWA, Appellee, v. H. E. CROSSER, Appellee, et al., Appellant.

**BAIL:** Surrender of Accused—Effect. When an accused in a criminal cause is fined, and, independent of the fine, is ordered imprisoned for a named period, an appeal bond conditioned to perform the judgment is not satisfied by the *surrender of the accused* by the surety.

Headnote 1: 17 C. J. p. 375.

Headnote 1: 3 A. L. R. 180; 15 A. L. R. 1524; 32 A. L. R. 259; 43 A. L. R. 140; 3 R. C. L. 49.

*Appeal from Hardin District Court.*—H. E. FRY, Judge.

NOVEMBER 23, 1926.

Appeal from an order denying the application of a surety to be exonerated from liability on an appeal bond.—*Affirmed.*

*Albert Steinberg,* for appellant.

*J. L. Cameron,* for appellee.

FAVILLE, J.—H. E. Crosser was convicted in the district court of Hardin County, Iowa, of the crime of illegal possession of intoxicating liquor. On May 25, 1926, the following judgment was entered in said cause:

"It is hereby ordered that the defendant be and he is hereby sentenced to pay a fine of $600, and be confined in the jail of Hardin County, Iowa, for a term of six months, providing, however, that, when the defendant shall have served three months, the balance of the jail sentence shall be suspended during good behavior. Appeal bond fixed in the sum of $600."

On the same day, the defendant in said action prosecuted

an appeal to this court, and furnished an appeal bond on which the appellant herein was surety. Said appeal bond recites:

"The condition of the above obligation is such that, whereas, an indictment having been found in the district court in the county of Hardin on the 29th day of April, 1926, charging H. E. Crosser with the crime of illegal possession of intoxicating liquor and he having been duly tried on the said charge at the April term, 1926, of said court and found guilty of the crime of illegal possession of intoxicating liquor and the said H. E. Crosser on said conviction to pay a fine of $600 and serve 6 months in the county jail providing that at the end of 3 months the balance of jail sentence be suspended during good behavior and that the bond on appeal be $600 and said H. E. Crosser having appealed from said judgment to the Supreme Court of Iowa, now, therefore, in case the said H. E. Crosser shall well and truly pay the said fine, attorney's fee and costs or such part as the Supreme Court may direct and if the said H. E. Crosser shall surrender himself in execution of the judgment and direction of the Supreme Court and in all respects abide the orders and judgments of the Supreme Court, then this bond to be void, otherwise to be and remain in full force."

Thereafter, the appellant, as surety on said appeal bond, proceeded under the statute, gave the required notices, and surrendered the defendant in said action to the sheriff of Hardin County. Thereupon, the appellant made application to the district court to be exonerated from liability on said bond. The application was denied, and from said order this appeal is taken.

Section 13641, Code of 1924, provides:

"At any time before the forfeiture of their undertaking, the bail may surrender the defendant in their exoneration, or he may surrender himself, to the officer to whose custody he was committed at the time of giving bail, in the following manner:" (As specified in the giving of notice.)

The sole question is whether or not the surrender of the defendant by the surety, in view of the judgment against the defendant and the conditions of the appeal bond, operated to exonerate the surety.

Section 13617, Code of 1924, is as follows:

"After conviction, upon an appeal to the Supreme Court, the defendant must be admitted to bail, if it be from a judgment

imposing a fine, upon the undertaking of bail that he will, in all respects, abide the orders and the judgment of the Supreme Court upon the appeal; if from a judgment of imprisonment, upon the undertaking of bail that the defendant will surrender himself in execution of the judgment and direction of the Supreme Court, and in all respects abide the orders and judgment of the Supreme Court upon the appeal.''

Section 14002, Code of 1924, provides that an appeal taken by the defendant in a criminal case does not stay the execution of the judgment unless bail is put in.

It is to be noticed that the judgment in the instant case was of a twofold character. It provided for the imposition of a fine upon the defendant, and, in addition thereto, for imprisonment for a stated time. The imprisonment was not imposed in lieu of failure to pay the fine, but was a distinct and separate part of the judgment. The condition of the bond was that, in case the defendant ''shall well and truly pay the said fine'' and ''shall surrender himself in execution of the judgment'' and ''in all respects abide the orders and judgments of the Supreme Court,'' then the bond was to be void. It is perfectly obvious that the condition of the appeal bond complied with the form of the judgment. This was that the fine should be paid, and that the defendant should surrender himself in performance of the judgment of the court.

It does not appear that the precise question presented on this appeal has heretofore been before this court. In *State v. Stommel*, 89 Iowa 67, the judgment was that the defendant pay a fine of $600. No provision appears to have been made in the judgment for imprisonment in default of the payment of the fine. The condition of the appeal bond was that the defendant should pay and satisfy fully the amount of said judgment. The sureties on the appeal bond surrendered the defendant to the officer. We held that, under the terms of the judgment, the defendant was not subject to imprisonment for non-payment of the fine, and that the sureties could not discharge the obligation of the appeal bond by the surrender of the defendant. If we apply the reasoning of the *Stommel* case to the facts of the instant case, it necessarily follows that, where a judgment imposes both a fine and a separate sentence of imprisonment, and the appeal bond, by its terms, provides for the payment of the fine and surrender

of the defendant in satisfaction of the sentence of imprisonment, a surrender of the defendant alone does not fulfill the conditions of the obligation. A performance of one part of the judgment is not a satisfaction of another distinct and separate portion of the judgment. The surrender of the defendant may be an exoneration of the portion of the judgment providing for imprisonment, but it is in no way a satisfaction of the portion of the judgment imposing a fine. Even though the sentence had been one imposing a fine and providing for imprisonment in default of payment of such fine, and appeal bond had been furnished providing that the defendant should pay the fine and surrender himself in execution of the judgment, the surrender of the defendant would not be an exoneration of the bond. It is a well established rule that the undergoing of imprisonment in such a case does not release the surety on the appeal bond from the payment of the fine. *State v. Meier,* 96 Iowa 375. In *State v. Marquardt,* 194 Iowa 1311, we considered a case where a judgment was entered imposing a fine and providing for commitment until the fine was paid. An appeal bond was filed, which was conditioned upon payment of said fine. After affirmance of said cause in this court, the defendant was imprisoned for the time specified in the judgment, and the sureties sought exoneration on the appeal bond. We held that the sureties had expressly obligated themselves to perform the judgment if the principal failed to do so, and that the undertaking was to pay the fine, and that they were not exonerated by virtue of the imprisonment of the defendant.

The reasoning of the cited cases is applicable to the instant case. The undertaking of the appellant in this case was that he would pay the fine imposed upon the defendant in the event that the defendant failed to do so, and likewise be bound by the penalty of the bond in case the defendant failed to surrender himself for performance of the portion of the judgment which provided for imprisonment. A portion of the judgment has been performed, to wit, the imprisonment of the defendant. A specific and definite portion of said judgment has not been performed, to wit, the payment of the fine. The appellant has not performed the terms and conditions of his obligation, and is not entitled to be exonerated from said bond until the conditions are performed.

The order of the trial court was correct, and the judgment appealed from is—*Affirmed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.