STATE OF IOWA, Appellant, v. J. W. GREGORY et al., Appellees.

NOVEMBER 22, 1927.

REHEARING DENIED MARCH 10, 1928.

*Carl S. Missildine,* County Attorney, *Alexander M. Miller,* Assistant County Attorney, *Vernon R. Seeburger,* and *Russell Jordan,* for appellant.

*Carr, Cox, Evans & Riley,* for George A. Jewett and Leo E. Stevens, appellees.

*Scott M. Ladd,* for Scott M. Ladd, Administrator, appellee.

KINDIG, J.—Sufficiency of the written undertaking to enable the State to recover court costs and the amount of the fine inflicted, is here to be determined. Said obligation was for bail, pending appeal to this court from a judgment of the district court imposing against the said J. W. Gregory a fine of $2,500 and a sentence to serve the term of one year in the county jail of Polk County, based upon conviction of the crime of accepting deposits while his bank was insolvent. After affirmance, procedendo issued, other preliminary prerequisites were met, and, upon failure of appellees to pay said fine, together with $111.65 costs of the legal procedure, this litigation was instituted.

As a defense, it is claimed that: First, Gregory was duly

and timely surrendered, in execution of the judgment of imprisonment, and served one year in the said county institution; and second, the contractual liability does not include the burdens here demanded, for the reason that there is no express agreement to pay the costs or a fine. In words and figures, the material part of the appeal bond is as follows:

" * * * and the said J. W. Gregory having been adjudged by the court on said conviction to one year in the county jail and to pay a fine of $2,500.00 and that the bond on appeal be $7,500.00, and said J. W. Gregory having appealed from said judgment to the Supreme Court of Iowa, now, therefore, if * * * the said J. W. Gregory shall surrender himself in execution of the judgment and direction of the Supreme Court, and in all respects abide the orders and judgments of the Supreme Court, then this bond to be void, otherwise to be and remain in full force and effect."

A trial was had to a jury, and appellees' (defendants') motion for a directed verdict, at the close of appellant's (plaintiff's) evidence, was sustained. To correct the alleged error, this appeal was taken.

I. Affirmance must result on that phase of the controversy relating to the "costs." Previously, we said, in *Van Buren County v. Bradford,* 202 Iowa 440:

"Briefly stated, it is not the policy of the law that one who has been convicted of a felony * * * shall be required to secure payment of costs, as a condition precedent to his right of appeal to this court."

Moreover, the condition of the suretyship did not include "costs." It seems that there is a statutory exception in liquor prosecutions, because the legislature made the costs "a part of the penalty." *Van Buren County v. Bradford,* supra. This limitation has no application to the controversy before us, and the district court was right in ruling that the appellees are not liable for said "costs."

II. More serious, though, is that part of the dispute relating to the "fine."

Section 13617 of the Code of 1924 provides:

"After conviction, upon an appeal to the Supreme Court, the defendant must be admitted to bail, if it be from a judgment imposing a fine, upon the undertaking of bail that he will, in all

 respects, abide the orders and the judgment of the Supreme Court upon the appeal; if from a judgment of imprisonment, upon the undertaking of bail that the defendant will surrender himself in execution of the judgment and direction of the Supreme Court, and in all respects abide the orders and judgment of the Supreme Court upon the appeal.''

Such was the duty placed upon the sureties under said written agreement delivered in compliance with said legal requirement. By no device can the appellees change or lessen the responsibility cast upon them. See *Philip Carey Co. v. Maryland Cas. Co.*, 201 Iowa 1063.

Attention is directed to the fact that there are two general necessities fixed by the lawmakers: one relates to the surrender of the defendant himself, while the other has to do with the fine. True, there is no other express language referring to the satisfaction of the ''fine,'' but ''abide'' ''in all respects'' ''the orders and the judgment,'' as used in the premises, means *to pay*. 4 Corpus Juris 1280, Section 3373; *Muscatine County v. Oliver*, 159 Iowa 417. Otherwise, words and sentences of the written law would become meaningless. The scope of a ''bond'' need not be broader than that of the statute. *Philip Carey Co. v. Maryland Cas. Co.*, supra. Manifestly, therefore, unless ''abide,'' as employed in the paragraph quoted, furnishes the basis for recovery, there can be none. Why, then, should bail be asked if, when given, it amounted to nothing? We cannot attribute such ridiculous intent on the part of the enactors of that law. Clearly, the thought was to make imperative the discharge of the fine, as well as the serving of the sentence.

Under the expressions and additional clauses embodied in previous statutes (Section 4587, Code of 1873), recovery has been allowed against the sureties for failure of the principal to pay the ''fine'' (*State v. Meier*, 96 Iowa 375); and afterward, although the statutory wording was modified in the particular respect, through habit the form of the ''bond'' was not altered, to conform with the new law. Nevertheless, enforcement has been compelled. *State v. Marquardt*, 194 Iowa 1311; *State v. Crosser*, 202 Iowa 725. But it is argued that, in the prior fashion of the agreement, based upon the said preceding acts,

there appeared additional phraseology expressly referring to the payment of the "fine," and hence, Section 5506 of the Code of 1897 (now said Section 13617 above mentioned) supersedes and supplants Section 4587 of the Code of 1873, resulting in a change of meaning in the certain relation under consideration. With this we do not agree. Study of the Code commission report reveals that the purpose was to consolidate and make more compact, without changing the purport. For explicit statement that the fine was to be paid is not necessary, in addition to the declaration that the defendant shall abide "the judgment imposing a fine." There is no indication that the lawmaking body intended to release the "sureties" from such undertaking.

III. Nor was the accountability of appellees ended when the defendant was surrendered into custody of the law. *State v. Meier*, supra, contains this language:

"The case at bar is one where there was a fine imposed and a judgment for imprisonment until it was paid. * * * Such being the case * * * liability was not satisfied by delivering the defendant to the sheriff, in execution of the judgment."

Later, in *State v. Crosser*, supra, we said:

"The undertaking of the appellant in this case was that he would pay the fine imposed upon the defendant in the event the defendant failed to do so, and likewise be bound by the penalty of the bond in case the defendant failed to surrender himself for performance of the portion of the judgment which provided for imprisonment. A portion of the judgment has been performed,—to wit, the imprisonment of the defendant. A specific and definite portion of said judgment has not been performed, —to wit, the payment of the fine. The appellant has not performed the terms and conditions of his obligation, and is not entitled to be exonerated from said bond until the conditions are performed."

IV. Section 5519 of the Code of 1897 is cited on the proposition that delivery of said Gregory to the State amounted to an exoneration of the bondsmen. That paragraph, however, does not contemplate an appeal bond, but rather one for appearance during the pendency of trial on an indictment. This situation is quite different, and has no application in the case at bar.

Because of the foregoing, we are constrained to, and do,

hold that part of the judgment of the district court relating to the "costs" is affirmed, and that portion thereof referring to said "fine" is reversed.—*Affirmed in part; reversed in part.*

STEVENS, FAVILLE, ALBERT, and WAGNER, JJ., concur.

EVANS, C. J., not participating.