

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

December 18, 1973

The Honorable George N. Rodriguez, Jr.          Opinion No. H-183
County Attorney, El Paso County
Room 201, City-County Building          Re:    The duties of the county
El Paso, Texas 79901          auditor

Dear Mr. Rodriguez:

You have asked our opinion on five questions which relate generally
to the duties and responsibilities of the County Auditor. Your first question
is:

> "Does the County Auditor still have discretionary
> authority to prescribe deposit and disbursing procedures
> for all County monies to be placed in a County depository
> under Article 1656a as stated in Attorney General's
> Opinion No. WW-86 of April 5, 1957? "

Article 1656a, Vernon's Texas Civil Statutes, as originally enacted
by Acts of the 43rd Legislature, Regular Session, Chapter 98, p. 217, pro-
vided in part:

> "The County Auditor in counties having a population
> of one hundred ninety thousand (190,000) or more accord-
> ing to the last preceding or any future Federal Census shall
> prescribe the system of accounting for the county. . . .
> Should the County Auditor deem it to be to the best interest
> of the county or deem it necessary in order that the provi-
> sions of this law may be better enforced. . ., he shall have
> the right to prescribe that all of the fees and moneys herein
> referred to shall be turned over to the County Treasurer by
> such officer as collected, and such money shall be deposited
> in the county depository in a special fund to the credit of such
> officer and draw interest for the benefit of the county, . . . ."

Article 1656a was amended by the Acts of the 44th Legislature, Regular Session, Chapter 122, p. 330, to read in part:

"All of the fees, commissions, funds, and moneys herein referred to shall be turned over to the County Treasurer by such officer as collected, and such money shall be deposited in the county depository. . . ."

Attorney General Opinion WW-86 (1957) held that the provisions of the amendatory act limiting the county auditor's discretion regarding the deposit of funds in the county treasury were void as they were outside the scope of the bill's caption. See Texas Constitution, Article 3, §35. We have found no cases or subsequent opinions reaching a contrary result.

Article 1709a, V. T. C. S., enacted in 1971, refers to the duties of the county auditor under Article 1656a. Section 2(a) of Article 1709a provides in part:

"All fees, commissions, funds and moneys belonging to the county shall be turned over to the County Treasurer by the officer who collected them, in the manner prescribed in Chapter 98, Acts of the 43rd Legislature, 1933, as amended (Article 1656a, Vernon's Texas Civil Statutes)."

Section 5 of Article 1709a provides:

"All existing laws pertaining to the duties and responsibilities of the County Auditors of the State of Texas shall in no way be affected or changed by this law. Reference to various articles mentioned herein pertaining to County Auditors is intended for the purpose of clarification only and for no other reason."

Although § 2(a), standing alone, arguably could support a contention that the amendment to the original Article 1656a was incorporated by reference in Article 1709a, § 5 dispels such a notion. It is our conclusion that the county auditor in the counties affected by Article 1656a has some discre-

tionary authority in prescribing procedures for the deposit of money in the county depository. His discretion is, of course, limited by the Constitution and other statutes, e.g., Articles 1656c and 1657, V.T.C.S.

Your second question is:

> "Is it necessary for the Tax Assessor-Collector, Sheriff, District Clerk, County Clerk, who collect monies in their official capacities to secure a Deposit Warrant in accordance with Article 1657 and daily turn over such monies to the County Treasurer to physically deposit such sums in a County Depository in an account labeled in the office holder's name?"

Attorney General Opinion M-167 (1967) involved the deposit of funds by the County Tax Assessor-Collector. It indicated that:

> "[I]t is apparent from reading all of these statutes, [Articles 7295, 7249a, 2549 and 2554] which are in para materia, that the Legislature intended that tax collections be placed on deposit at least on a weekly basis to be available for the County Treasurer to pay such bills as may be presented. Both the county depository and the tax collector [are] required to make monthly reports to the Commissioners Court. The language in Art. 2549 can only be reasonably construed as meaning as soon as possible and not less than weekly, and in contemplation of the tax collector's monthly report."

On Monday of each week the tax assessor-collector must transfer 90 per cent of all county tax funds collected during the previous week to the account of the County Treasurer. He can be required to deposit funds to the treasurer on a more frequent basis by the order of the commissioners court, Article 7295, V.T.C.S., the county judge, ibid., or the county auditor. Article 1656a, V.T.C.S.

The sheriff, district clerk and county clerk must deposit funds under procedures established by the county auditor. Article 1656a, V.T.C.S. They also are required to transfer county funds in their possession to the account of

the county treasurer as directed by the county judge or commissioners court. Article 7295, V. T. C. S. Trust funds and cash bail bonds receive different treatment and are discussed in relation to your third and fifth questions.

When funds are transferred to the account of the county treasurer, the deposit must be on a deposit warrant. Article 1657, V. T. C. S. If the officer deposits money in the county depository before transferring the county funds to the county treasurer, e. g., Article 7250, V. T. C. S., the requirements of Article 1657 do not apply to the initial deposit. It will be necessary to comply with the article when funds are transferred to the treasurer's account.

Your third question is:

"What is the definition of a 'Trust Fund' as mentioned in Article 2558A? Are such collections as 'Civil Court Deposits', Probate Court Deposits and 'Court Ordered Child Support payments' defined as a 'Trust fund'? If such collections are not Trust Funds as prescribed in Article 2558A, is it mandatory that the County Auditor countersign Warrants or checks disbursing these funds to their legal owners? "

A trust is an equitable obligation under which the trustee is required to deal with the trust property for the benefit of the beneficiaries who have a vested interest in the trust funds. 57 Tex. Jur. 2d Trusts § 1 (1964). Any funds fitting this definition are trust funds and, if in the possession of the county or district clerk, may be deposited in the county depository for trust funds.

Article 2558a, V. T. C. S., is the statute which deals generally with county depositories for trust funds. Portions of Article 2558a are unconstitutional. Sellers v. Harris County, 483 S. W. 2d 242 (Tex. 1972); however, only sections 4a and 4b, which are not in issue in this opinion, were affected by the Sellers decision. Attorney General Opinion M-1198 (1972).

Section 4 of that statute provides in part:

> "As soon as said depository has qualified as
> provided by law and has been approved by the Com-
> missioners Court, said Court shall make and enter an
> order upon the minutes, designating such banking cor-
> poration, association, or individual banker as County
> Depository for Trust Funds until the designation and
> qualification of a successor, and thereupon it shall be
> the duty of the County and Districts Clerks of such
> county to deposit all Trust Funds in their possession
> with said depository in the manner hereinafter provided
> . . . ."

Section 11 provides:

> "Any County or District Clerk having the custody
> by law of any money that may have been deposited in
> court to abide the result of any legal proceeding, which
> amount is to be in his possession for a period longer than
> three (3) days, shall deposit the same in the county depos-
> itory for Trust Funds, if there be such a depository. The
> funds deposited by the Clerk shall be carried as a Trust
> Fund account in the name of the Clerk making the deposit,
> and same shall be subject to withdrawal by the Clerk under
> the conditions set out in the succeeding paragraph of this
> Act."

Article 2558a applies only to those trust funds in the possession of the
district or county clerk. Money which is held by other officers, even though
the money constitutes a trust fund, is not within the purview of this article;
however, insofar as county and district clerks are concerned, the Act applies
to all trust funds in their possession. It is our conclusion that § 4 requires
county and district clerks to deposit all trust funds in their possession, except
as provided in § 11, in the County Depository for Trust Funds.

Section 11 requires the deposit of money "deposited in court to abide the
result of any legal proceeding" only when the money is to be in the possession
of the district or county clerk for a period exceeding three days. We believe

most, if not all, trust funds in the possession of the district or county clerk will have been deposited in court "to abide" the result of a legal proceeding.

Abide has several definitions. The Oxford English Dictionary lists no fewer than eighteen separate meanings for the word. 1 Oxford English Dictionary 18 (1961). For our purposes two will suffice. Money deposited "to abide the result of any legal proceeding" may mean money deposited to satisfy a judgment, Commonwealth v. Barfod, 50 A.2d 36 (Pa. Super. 1946); State v. Swanson, 256 N.W. 872 (Neb. 1934); Cantor v. Sachs, 162 A.73 (Del. Ch. 1932); State v. Gregory, 216 N.W. 17 (Iowa 1927); Getz v. Johnston, 125 A.689 (My. App. 1924); Jackson v. State, 1 P. 317 (Kan. 1883); see Wilson v. State, 7 Tex. Ct. App. 38 (1879). It may also mean money deposited to await the decision of the court. Lanham v. Dies, 98 S.W. 897 (Tex. Civ. App. 1906, no writ); Groesbeck Cotton Oil Gin & Compress Co. v. Oliver, 97 S.W. 1092 (Tex. Civ. App. 1906, error ref'd); McGarry v. State, 14 P. 491 (Kan. 1887). Money paid into the registry of the court in interpleader cases is the best example of this latter definition of abide, e.g., Sellers v. Harris County, supra.

We believe that any money deposited in court to satisfy the result of a legal proceeding or to await the result of a legal proceeding falls within the scope of § 11. If that money is in the possession of the county or district clerk and if it is to be in his possession for more than three days, it must be deposited in the county depository for trust funds.

You specifically ask whether "civil court deposits, probate court deposits and court ordered child support payments" are trust funds for the purposes of Article 2558a. We believe most, if not all, civil court deposits and probate court deposits would be classified as trust funds, but the terms are too general to permit a precise answer for all eventualities.

Court ordered child support payments also would be encompassed in the definition of trust funds if paid through an intermediary. A court has broad discretion in determining the manner in which child support payments are to be made. Acts 1973, 63rd Leg., ch. 543, p. 1411, at 1424. In counties with a population between 225,000 and 390,000 (the 1970 population of El Paso County was 359,291), the Juvenile Board may require the Probation Officer to receive and disburse any money required to be paid into court for the maintenance of a minor. Art. 5142b, § 13, V.T.C.S.

Even though court ordered child support payments may be trust funds, they do not fall within the provisions of Article 2558a unless they are in the possession of the county or district clerk. If they are in the possession of the district or county clerk they need not be deposited in the county depository for trust funds unless they are in his possession for more than three days.

If funds are in the possession of the county or district clerk in a county with a population of 190,000 or more and are deposited in the county depository for trust funds, they may not be disbursed without the countersignature of the county auditor. Article 1656b.

Your fourth question is:

"If the Tax Assessor-Collector collects ad-valorem tax monies for the State, County, Hospital District, School Districts and other such agencies, will he, not the County Treasurer deposit such funds himself in a County Depository in an account in his name? Is it mandatory for the County Auditor to countersign warrants or checks disbursing the monies to the outlined agencies?"

In addition to collecting taxes for the state and county, a county tax assessor-collector may collect taxes for many other governmental bodies. These include independent school districts (§23.94, Vernon's Texas Education Code), municipal school districts (§ 24.07, Vernon's Texas Education Code), rural fire protection districts (Art. 2351a-6, V. T. C. S.), county hospital districts (Art. 449n, V. T. C. S.), mosquito control districts (Art. 4477-2, V. T. C. S.), water control and improvement districts (§ 51.595, Vernon's Texas Water Code), water control and preservation districts (Art. 7873, V. T. C. S.), drainage districts (§ 56.073, Vernon's Texas Water Code), levee improvement districts (§ 57.252, Vernon's Texas Water Code), water improvement districts, navigation districts and incorporated cities, towns or villages, (Art. 1042b, V.T.C.S.).

The tax assessor-collector is required under Article 2549(a), V. T. C. S., to deposit these funds in the county depository. That Article reads in part:

"It shall also be the duty of the tax collector of such county to deposit all taxes collected by him, or under his authority, for the State and such county and its various districts and other municipal sub-divisions, in such depository or depositories, as soon as collected, pending the preparation of his report of such collection and settlement thereon . . . . All money collected or held by any district, county or precinct officer in such county, or the officers of any defined district or subdivision in such county, including the funds of any municipal or quasi-municipal subdivision or corporation which has the power to select its own depository, but has not done so, shall be governed by this law, and shall be deposited in accordance with its requirements, and shall be considered in fixing the bond of such depository, and shall be protected by such bond; and all warrants, checks, and vouchers evidencing such funds shall be subject to audit and countersignature as now or hereafter provided by law."

Article 1656a provides in part:

"The County Auditor in counties having a population of one hundred ninety thousand (190,000) or more according to the last preceding or any future Federal Census shall prescribe the system of accounting for the county and the forms to be used by the District Clerk, the District Attorney and all county and precinct officers and by all persons in the collection and disbursement of county revenues, funds, fees, and all other moneys collected in an official capacity whether belonging to the county, its subdivisions or precincts, or to, or for the use or benefit of, any person, firm, or corporation; he shall prescribe the mode and manner in which the District Clerk, the District Attorney and all county and precinct officers shall keep their accounts, and he shall have the power to require all officers to furnish monthly, annual, or other reports under oath of all moneys, taxes, or fees of every nature

received, disbursed, or remaining on hand; and in
connection with such reports he shall have the right
to count the cash on hand with such officer, or to
verify the amount on deposit in the bank in which such
officer may have placed the same for safekeeping. He
shall have the power to adopt and enforce such regula-
tions not inconsistent with the Constitution and laws as
he may deem essential to the speedy and proper collec-
tion and checking of, and accounting for, the revenues
and other funds and fees belonging to the county or to
any person, firm, or corporation for whom any of
said officers may have made collections, or for whose
use or benefit they may have received or may hold such
funds. "

After a discussion of the deposit of funds to the county treasurer, the statute
says, "The Treasurer and the depository shall make no payment unless such
check is countersigned by the County Auditor. "

Except as otherwise provided, e.g., Art. 1661, V. T. C. S. , with refer-
ence to warrants for jury service, the auditor is required to countersign
checks drawn against the county treasury; however, it is possible the funds
in question will be in a non-treasury account in the county depository. If
that is the case, the county auditor may require countersignature of checks
under his authority to prescribe a system of accounting to be used by all
county officers, but it is not mandatory that he do so.

The auditor is required to countersign checks drawn against the county
treasury; however, it is possible the funds in question will be in a non-treasury
account in the county depository. If that is the case, the county auditor may
require countersignature of checks under his authority to prescribe a system
of accounting to be used by all county officers, but it is not mandatory that he
do so.

Your fifth question states:

"When the Sheriff collects cash bail bonds he places such funds in a bank account in a county depository in his own name and when the case is settled he is Court directed to disburse such funds to the legal owner. Is it mandatory for the County Auditor to countersign all warrants or checks disbursing these funds?"

Attorney General Opinion C-740 (1966) discusses in detail the collection of cash bonds by peace officers. It is the conclusion of that opinion that:

"[t]he officer receiving the cash, if he is not the custodian of the funds of the court, should deposit the sum of money received with the custodian. We are of the opinion that there is no necessity or authority for a court to appoint a sheriff as custodian of the funds since the clerk of the court or the justice of the peace, as the case may be, is already charged with that duty. The sheriff or other peace officer accepting the cash bond should simply receipt the bond to the defendant and then turn the money over to the clerk of the court or the justice of the peace, whichever is the appropriate officer. We note however that if the Court in which the cash bond is given does not have jurisdiction to try the defendant, the cash bond should be transferred to the clerk of the court that has such jurisdiction."

If the bond is deposited with the district or county clerk the provisions of Articles 2558a and 1656b would apply. The countersignature of the county auditor would be required before the money could be refunded. If a justice of the peace is the custodian of the money, he will be bound by the provisions of Article 2290, V. T. C. S. Of course, the auditor may prescribe accounting procedures which would require his countersignature in this instance also.

## SUMMARY

1.. The county auditor has discretion to prescribe the manner and time of deposits to the county treasurer by officers who collect county funds.

2.   County officers must secure deposit  warrants when depositing funds to the credit of the county treasurer.

3.   Court ordered child support payments, if paid through the county or district clerk, are subject to the requirements of Articles 2558a and 1656b, V. T. C. S.

4.   The county auditor is required to countersign checks against the county treasury, except those checks issued for jury service.  Although he may establish accounting procedures requiring his countersignature on non-treasury checks distributing tax money collected by the county tax assessor-collector for other governmental bodies, he is not required to do so.

5.   A peace officer receiving a cash bail bond should deliver it to the custodian of funds of the appropriate court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee